The CITY OF HOUSTON, Petitioner,

v.

Steve WILLIAMS, et al., Respondents.

No. 06–0159.

Supreme Court of Texas.

Feb. 23, 2007.

Edward John "Jack" O'Neill Jr., Reagan Douglas Pratt, Howrey LLP, Arturo G. Michel, City Attorney, Constance K. Acosta, Timothy J. Higley, City of Houston Legal Department, Houston, for Petitioner.

E. Troy Blakeney, Richard C. Mumey, E. Troy Blakeney, Jr., P.C., Houston, Vincent L. Marable III, Paul Webb, P.C., Wharton, for Respondents.

PER CURIAM.

A group of 321 retired firefighters sued the City of Houston to recover amounts deducted from payments they received upon termination of employment. The trial court denied the City's jurisdictional plea asserting governmental immunity, and the court of appeals affirmed. 183 S.W.3d 409, 414 (Tex.App.-Houston [14th Dist.] 2005). Because the firefighters' only conceivable remedy is an award of money damages, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

State law requires that Houston firefighters receive lump-sum payments of accumulated vacation and sick leave upon termination. *See* TEX. LOCAL GOV'T CODE §§ 143.115, 143.116. The firefighters allege the City improperly calculated these payments, and also improperly deducted alleged overpayments of overtime. *See id.* § 142.0017.

The court of appeals rejected the City's jurisdictional arguments on two grounds. First, the court held that general "sue and be sued" language in the City's charter and "plead and be impleaded" language in section 51.075 of the Local Government Code waived the City's immunity from suit. 183 S.W.3d at 414. Ten months later, we held otherwise in *Tooke v. City of Mexia.* 197 S.W.3d 325 (Tex.2006); *see also City of Houston v. Jones,* 197 S.W.3d 391 (Tex.2006). Because of the conflict, we have jurisdiction of this interlocutory appeal. *See* TEX. GOV'T CODE §§ 22.001(a)(2), 22.225(c); *Texas Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001) (finding conflicts jurisdiction based on one of two grounds for appellate court's judgment).

██ Second, the court of appeals held the City had no immunity from the firefighters' request for declaratory relief. 183 S.W.3d at 416. But "private parties

829

cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim." *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 856 (Tex.2002). The only injury the retired firefighters allege has already occurred, leaving them with only one plausible remedy—an award of money damages. As they assert no right to payments from the City in the future, they lack standing to seek a statutory interpretation on behalf of those currently employed. *See Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2001) (holding discharged inmates had no standing to seek declaratory relief regarding jail program).

■ The court of appeals found it significant that the trial court expressly reserved any determination of money damages for a latter date. But governmental immunity does not spring into existence when a damages award is finally made; it shields governments from the costs of any litigation leading up to that goal. *See Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 375 (Tex.2006); *IT–Davy,* 74 S.W.3d at 860.

■ The court also noted that the case concerned a legitimate question of statutory interpretation, which *IT–Davy* did not. *See id.* But in every suit against a governmental entity for money damages, a court must first determine the parties' contract or statutory rights; if the sole purpose of such a declaration is to obtain a money judgment, immunity is not waived. *Id.*

During the pendency of this appeal, the Legislature enacted sections 271.151–.160 of the Local Government Code, waiving immunity from suit for certain claims against cities and other governmental entities. The firefighters assert their claims fall within these provisions. As we have done in numerous other cases, we believe it preferable to remand this claim to the trial court to consider in the first instance. *See, e.g., City of Midland v. Goerlitz,* 201 S.W.3d 689 (Tex.2006); *City of Houston v. Jones,* 197 S.W.3d 391; *City of Houston v. Clear Channel Outdoor, Inc.,* 197 S.W.3d 386 (Tex.2006).

Accordingly, we grant the City's petition for review, and without hearing oral argument, Tex. R. App. P. 59.1, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion.

Justice O'NEILL did not participate in the decision.