Mark ANDERSON, et al., Appellants

v.

CITY OF McKINNEY, Appellee.

No. 05–06–01571–CV.

Court of Appeals of Texas,
Dallas.

Oct. 23, 2007.

B. Craig Deats, Deats Durst Owen & levy, PLLC, Austin, TX, for Appellant.

Mark E. Goldstucker and Mark S. Houser, Brown & Hofmeister, LLP, Richardson, TX, for Appellee.

Before Justices MORRIS, BRIDGES, and O'NEILL.

## OPINION

Opinion By Justice MORRIS.

In this appeal, we are again confronted with the issue of governmental immunity and how it applies to claims under state statutes regulating civil service wages and benefits. Mark Anderson and similarly situated fire fighters working for the City of McKinney challenge the trial court's order dismissing their claims under section 141.033(b) of the Texas Local Government Code for lack of subject matter jurisdiction. The City of McKinney responds that all of appellants' claims were properly dismissed because they are barred by governmental immunity. We conclude appellants' requests for declaratory, injunctive, and mandamus relief are not barred by governmental immunity. Accordingly, we reverse the trial court's order and remand appellants' claims to the extent those forms of relief are sought. We affirm the trial court's order, however, with respect to appellants' request for awards of back pay and benefits.

## I.

In February 2004, a group of fire fighters employed by the City of McKinney brought this suit alleging the City was violating section 141.033(b) of the Texas Local Government Code. Specifically, appellants alleged the City had been "failing and refusing to pay [them] the salary prescribed for higher classified positions during the times [they] temporarily have [sic] performed the duties of such positions." Appellants sought relief in the form of a declaration that the City's actions violated the statute and recovery of back pay and benefits allegedly owed pursuant to the statute. Appellants also requested injunctive and mandamus relief to prevent future violations.

In its answer, the City affirmatively pleaded that appellants' claims were barred by governmental immunity and the trial court lacked subject matter jurisdiction. The trial court granted the City's plea to the jurisdiction and dismissed appellants' claims. Appellants bring this appeal challenging the trial court's order.

## II.

The primary purpose of governmental immunity from suit is to protect state agencies and their officials from lawsuits for damages. See Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex.1997). If governmental immunity is waived, it must be done by clear and unambiguous legislative consent to suit. Id. In this case, appellants concede that, under the recent Texas Supreme Court decision of City of Houston v. Williams, 216 S.W.3d 827 (Tex. 2007), there does not appear to be any waiver of immunity for claims under the statutory provisions governing civil service wages and benefits. Appellants assert, however, that the relief they seek is not money damages and, therefore, their claims do not fall within the scope of claims from which the government is immune from suit.

For a suit to fall within the scope of governmental immunity it must seek

either to control government actions or subject the government to liability. *See Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.,* 600 S.W.2d 264, 265 (Tex.1980). Governmental immunity does not bar suits brought by an entity or person whose rights have been violated by an unlawful and unauthorized action of a government official if the suit seeks only to remedy the violation or to prevent its occurrence in the future. *Id.* at 265–66. Suits to compel government officers to act within their official capacities do not attempt to subject the government to liability. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). If the only plausible remedy is an award of money damages, however, the suit is barred by governmental immunity. *See Williams,* 216 S.W.3d at 829.

■ Appellants' pleadings request four different types of relief: back pay, declaratory judgment, injunction, and mandamus. With respect to the request for back pay, appellants argue their request for relief is not for money damages but rather for equitable relief. Appellants distinguish their claim for "equitable" back pay from an award of money damages by arguing they are attempting to recover for services rendered to prevent unjust enrichment. *See Nueces County v. Ferguson,* 97 S.W.3d 205, 220 n. 21 (Tex.App.-Corpus Christi 2002, no pet.). According to appellants, such a claim to be "made whole" for services rendered is fundamentally different from a claim seeking back pay for denial of an opportunity to perform services. *Id.*

Appellants' argument is forceful. A statutory claim for back pay for services rendered appears to fit within the scope of equitable relief the supreme court specifically held was permissible when it stated that there is no governmental immunity from suits to "remedy" an unlawful action by a state official. *See Printing Indus.,*

600 S.W.2d at 265–66. But in the recent *Williams* decision, the supreme court addressed a claim brought by former fire fighters under the local government code for accrued but unpaid vacation and sick-leave pay. *See Williams,* 216 S.W.3d at 828. The court determined the "only conceivable remedy [was] an award of money damages" and, absent a waiver of immunity, the plaintiffs' claims were barred. *Id.* at 828–29. We see no distinction between a claim for accrued but unpaid vacation and sick-leave pay and a claim for accrued but unpaid wages for purposes of the application of governmental immunity. Accordingly, under *Williams,* we must conclude appellants' claim for back pay is barred by governmental immunity.

Because the plaintiffs in *Williams* were no longer employed by the government, the supreme court did not address the availability of prospective equitable remedies. The issue of relief from future violations was addressed by this Court, however, in our recent opinion in *City of Seagoville v. Lytle. See Lytle,* 227 S.W.3d 401 (Tex.App.-Dallas 2007, no pet. h.). In *Lytle,* we examined the impact of governmental immunity on claims for declaratory, injunctive, and mandamus relief in a suit against the government for alleged violations of the Texas Government Code. Lytle brought suit seeking a declaration of his rights under the statutes, withdrawal of a disciplinary action against him, reinstatement to his original position, an injunction requiring the city to comply with the law in the future, back pay, and benefits. *See id.* at 409. We concluded that, to the extent Lytle was seeking back pay and benefits, his action was barred by governmental immunity. *Id.* at 412. The remainder of the relief requested, however, was not barred. *Id.* at 410–12.

■ Similarly, in the case before us, to the extent appellants do not seek an award

of back pay, their claim under section 141.033(b) is not barred by governmental immunity because it does not attempt to impose liability for money damages. Nor does it attempt to control the City's actions other than to enjoin it from acting in a manner that is allegedly unlawful under a state statute. *See Printing Indus.*, 600 S.W.2d at 266. A waiver of immunity is not necessary for appellants to seek a declaration that the City's construction and application of section 141.033(b) is invalid and to request orders forcing the City to comply with the statute as it may be otherwise construed.

Based on the foregoing, we affirm the trial court's order granting the City's plea to the jurisdiction to the extent it dismisses appellants' request for back pay. We reverse the portions of the trial court's order dismissing appellants' requests for declaratory, injunctive, and mandamus relief and remand appellants' claims to the extent those forms of relief are sought.