# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================================

## ON MOTION FOR REHEARING

========================================

## NO. 03-07-00009-CV

**City of Round Rock and Round Rock Fire Chief Larry Hodge, Appellants**

**v.**

**Mark Whiteaker, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-06-003576, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## C O N C U R R I N G   O P I N I O N

On motion for rehearing, I reissue my original opinion without change. When deciding questions of jurisdiction, the element of necessity guards against the temptation to address the merits of the case or to issue advisory commentary. I agree that Whiteaker's claim for retrospective monetary relief as currently plead is foreclosed by the supreme court's recent decision in *City of Houston v. Williams*, 216 S.W.3d 827 (Tex. 2007), and that, in light of *Williams*, decided after the trial court ruled on this matter, Whiteaker should be given an opportunity to replead. But the majority's analysis goes beyond the limits of the procedure established by the supreme court in *Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004).

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleaders' intent. *Id.* at 226-27. We presume in favor of the trial court's jurisdiction unless lack of jurisdiction affirmatively appears on the face of the pleadings. *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226-27.

It is readily apparent from the face of the pleadings that, with the exception of his claim for retrospective monetary relief as currently pleaded, Whiteaker has alleged sufficient facts to demonstrate the trial court's jurisdiction. Accordingly, review of the evidence submitted by the City is unwarranted, and the trial court properly denied the City's plea to the jurisdiction. *See id.* at 227.

Moreover, given the supreme court's decision in *Williams*, Whiteaker's allegations do not affirmatively negate jurisdiction and, as the majority correctly concludes, he should be given the opportunity to replead. *See id.* at 226-27. The supreme court has since reaffirmed its conclusion that a plaintiff "deserves the opportunity to amend his pleadings if they can be cured." *Texas A&M Univ. Sys. v. Koseoglu*, 2007 Tex. LEXIS 838, *30 (Tex. Sept. 7, 2007).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   November 16, 2007

3