Opinion filed May 8, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 8, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00009-CV 

                                                    __________

 

                                   CITY OF ASPERMONT, Appellant

                                                             V.

       ROLLING PLAINS
GROUNDWATER CONSERVATION DISTRICT,

                                                        Appellee

 



 

                                          On
Appeal from the 39th District Court

                                                       Stonewall
County, Texas

                                                     Trial
Court Cause No. 4402

 



 

                                                                   O
P I N I O N

 








This
is an accelerated appeal from an order denying the City of Aspermont=s plea to the
jurisdiction.  Rolling Plains Groundwater Conservation District filed suit
against Aspermont after Aspermont failed to file monthly reports and refused to
pay export fees for the water that it transported out of the district.  Rolling
Plains sought to recover monetary damages from Aspermont for overdue
transportation/export fees, late fees, penalties of $10,000 per day per
violation, attorney=s
fees, and various costs.  Rolling Plains also requested that the trial court
construe the applicable legislation; declare that Aspermont is subject to and
must comply with the water conservation rules and regulations; and enforce the
rules requiring that Aspermont pay the requested fees, penalties, and costs. 
Aspermont filed a plea to the jurisdiction in which it asserted sovereign
immunity, urging that it was immune from the suit filed by Rolling Plains and
that immunity had not been waived.  We affirm in part and reverse and render in
part.

In the sole issue on appeal, Aspermont argues that the
trial court erred in denying its plea to the jurisdiction.  Sovereign immunity,
encompassing both immunity from suit and immunity from liability, protects the
state and its political subdivisions, including cities, from lawsuits for money
damages.  Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374
(Tex. 2006).  Sovereign immunity from suit bars a suit against the state or its
political subdivisions unless immunity has been waived or the legislature has
expressly consented to the suit, which it may do by statute or resolution.  Id.;
Tex. Natural Res. Conservation Comm=n
v. IT-Davy, 74 S.W.3d 849, 853-54 (Tex. 2002).  As a general rule, courts
in Texas have deferred to the legislature to waive sovereign immunity.  City
of Galveston v. State, 217 S.W.3d 466, 469 (Tex. 2007); Reata, 197
S.W.3d at 375; IT-Davy, 74 S.W.3d at 857.  Courts may not construe a
statute as constituting a waiver of sovereign immunity Aunless the waiver is effected by clear and
unambiguous language.@ 
Tex. Gov=t Code Ann. ' 311.034 (Vernon Supp. 2007).  Because
immunity from suit deprives a trial court of subject-matter jurisdiction, it
can be raised for the first time on appeal and is reviewed de novo by an
appellate court.  Reata, 197 S.W.3d at 374; IT-Davy, 74 S.W.3d at
855.  

Rolling Plains contends that immunity has been waived by
statute and by the regulatory nature of this case.  Also, Rolling Plains
strenuously argues that Aspermont and other municipalities, except those
expressly exempted, are subject to the applicable water conservation rules and
regulations and that municipalities must be subject to these rules and regulations
in order to conserve our natural resources as mandated by the Texas
Constitution.  Because this is an interlocutory appeal from an order denying a
plea to the jurisdiction based on sovereign immunity, the issue is not whether
Aspermont or any other governmental entity is subject to the water conservation
rules and regulations but, rather, whether Aspermont is immune from this suit.

Aspermont, as a political subdivision of the state, is
entitled to sovereign immunity unless that immunity has been waived.  See
City of Galveston, 217 S.W.3d 466.  First, we note that Rolling Plains has
not obtained the legislature=s
permission to sue Aspermont; therefore, immunity has not been waived by the
express consent of the legislature.  See id. at 474.  Next, we consider
whether immunity has been waived by legislation.








Rolling
Plains is a groundwater conservation district that was created pursuant to Tex. Const. art. XVI, ' 59 and Tex. Water Code Ann. ch. 36 (Vernon
2000 & Supp. 2007).  Rolling Plains, originally named the Haskell/Knox
County Underground Water Conservation District, was created by the legislature
in 1993.[1]  In 2001, the
legislature added Baylor County to the district and changed its name to the
Rolling Plains Groundwater Conservation District.[2] 
Rolling Plains was given all of the powers and duties provided for in Chapter
36.  In 2003, the legislature amended the provisions relating to Rolling Plains
and, in doing so, took away the exemption that had previously applied to the
water wells at issue in this case.[3]  The three
wells at issue are located in Haskell County but are owned and operated by
either Aspermont, which is in Stonewall County, or the Stonewall County Water Control
and Improvement District No. 1.  The water produced from these wells is
transported outside of Rolling Plains=s
coverage area to Aspermont and constitutes approximately 66% of the water
supplied to the citizens of Aspermont.  The wells had been exempt from
regulation pursuant to Section 36.121.[4]  The 2003
legislation provided, however, that Section 36.121 of the Water Code no longer
applied to Rolling Plains.  The 2003 legislation also provided that Rolling
Plains was no longer subject to the supervision of the Texas Natural Resource
Conservation Commission and that Rolling Plains could assess production fees or
export fees of seventeen cents per thousand gallons of water (as compared to the
2.5 cents provided for in Section 36.122(e)).








Although
there are provisions within Chapter 36 that specifically relate to
municipalities, there are no provisions in that chapter or in the Rolling
Plains legislation that clearly and unambiguously waive the immunity of a
municipality from suit.  Section 36.102 provides for the enforcement of a
district=s rules and
regulations by injunction or other appropriate remedy in a court of competent
jurisdiction and allows a district such as Rolling Plains to set reasonable
penalties not to exceed $10,000 per day per violation B with each day of a continuing violation
constituting a separate violation B
and to seek attorney=s
fees, costs for expert witnesses, and other costs of court.  Section 36.102
does not specifically authorize a suit against a political subdivision or a
municipality; nor, for that matter, does it specifically authorize the
assessment of penalties against a political subdivision or municipality.[5] 
We note that the penalties in this case could potentially be astronomical for
Aspermont, with three wells having daily violations for missing reports and for
overdue transportation fees that date as far back as May 2004.

We
also cannot interpret the session laws specifically relating to Rolling Plains
as constituting a waiver of sovereign immunity from suit.  The obvious effect
of the provision in the 2003 legislation regarding Section 36.121 was to
nullify exemptions from regulation by Rolling Plains that were previously held
by municipalities or other political subdivisions pursuant to Section 36.121. 
This legislation, however, did not authorize a suit for money damages and did
not clearly and unambiguously waive any immunity from suit held by a
municipality or other political subdivision of this state. 

After
reviewing the applicable legislation, we can find no language constituting a
clear and unambiguous waiver of sovereign immunity from suit.  Consequently, we
hold that Aspermont is immune from suit for monetary damages.  








Rolling
Plains argues that this is not merely a suit to recover money damages but that
it is both regulatory and declaratory in nature.  In its petition, in addition
to requesting monetary damages, Rolling Plains requested that the trial court
construe the applicable legislation and declare that Aspermont is subject to
and must comply with the water conservation rules and regulations regarding
both the filing of monthly reports showing the quantity of groundwater
transported and the payment of monthly groundwater transportation fees.

The
supreme court has held that a suit against a sovereign for monetary damages is
not transformed into a viable suit by the request for a declaratory judgment
and that, if the sole purpose of a declaration concerning contractual or
statutory rights is to obtain a money judgment, immunity is not waived.  City
of Houston v. Williams, 216 S.W.3d 827, 829 (Tex. 2007); IT-Davy, 74
S.W.3d at 855.  Sovereign immunity from suit cannot be circumvented Aby characterizing a suit
for money damages, such as a contract dispute, as a declaratory‑judgment
claim.@  Williams,
216 S.W.3d at 829; IT-Davy, 74 S.W.3d at 856.

In
Williams, a group of retired firefighters sued the City of Houston to
recover amounts deducted from payments they received upon termination.  The
firefighters asserted that Houston had improperly calculated the amounts that
were owed to them pursuant to the Texas Local Government Code.  216 S.W.3d at
828.  The supreme court determined that, even though the firefighters requested
a declaratory judgment construing the statute, the firefighters= injuries had already
occurred and that the only plausible remedy was an award of money damages.  Id.
at 829.  The firefighters=
request for declaratory relief did not alter the nature of the suit, avoid
Houston=s immunity
from suit, or confer jurisdiction in the trial court.  See id. 








We
find that Williams controls the outcome of this case to the extent that
Rolling Plains seeks a judgment for money damages for injuries that have
already occurred, i.e., the past due fees, penalties, and other costs. 
However, as distinguished from Williams, Rolling Plains does not merely
attempt to transform a suit for monetary damages into a request for declaratory
relief.  In its petition, Rolling Plains also asserts a viable request for
declaratory relief for present and future purposes.  As to this request for
statutory construction and prospective relief, we agree with the reasoning and
holding of our sister court in Anderson v. City of McKinney, 236 S.W.3d
481 (Tex. App.CDallas
2007, no pet.).  In Anderson, the court determined that McKinney was
immune from suit to the extent that the plaintiff firefighters asserted a
statutory claim for back pay but that McKinney was not immune from the
firefighters= suit to
the extent it sought prospective relief in the form of declaratory, injunctive,
and mandamus relief that would force McKinney to comply with the statute in the
future.  236 S.W.3d at 483-84.   

The
people of Texas, through Article XVI, section 59 of the Texas Constitution,
have mandated that the preservation and conservation of all natural resources
are public rights and duties.  Accordingly, the legislature has complied with
the constitutional mandate by providing for the creation of groundwater
conservation districts such as Rolling Plains.  In enacting the water
conservation legislation, the legislature did not provide a blanket exemption
to political subdivisions and municipalities; it did, however, in certain
circumstances, exempt some political subdivisions and municipalities.  See
Chapter 36.  Thus, the legislature clearly intended for Chapter 36 to apply to
political subdivisions and municipalities unless specifically exempted.  The
conservation districts must have some recourse to seek a determination as to
whether a certain political subdivision or municipality is exempt under Chapter
36 or other applicable legislation and to enforce the rules and regulations
against those political subdivisions and municipalities that are not exempt. 
Such recourse does not constitute a suit for monetary damages even though it
may indeed subject a municipality to future fees or prospective monetary
liabilities.  

We
conclude, therefore, that Aspermont is not immune from the causes of action
asserted by Rolling Plains for the construction of the applicable legislation
and for a declaration regarding whether Aspermont is subject to and must comply
with the rules and regulations of Rolling Plains.  Aspermont, however, is
immune from Rolling Plains=s
cause of action seeking monetary damages for the past due fees, penalties, and
costs.  Aspermont=s
issue on appeal is sustained in part.  

The
trial court=s order
denying the plea to the jurisdiction is reversed as to Rolling Plains=s cause of action seeking
monetary damages for past due fees, penalties, and costs; we render judgment
dismissing this cause of action for want of jurisdiction.  We affirm the trial
court=s order denying
the plea to the jurisdiction as to Rolling Plains=s
causes of action seeking a construction of the applicable legislation and a
declaration that Aspermont is subject to and must comply with the applicable
rules and regulations.  

 

May 8, 2008                                                                            JIM
R. WRIGHT

Panel consists of: Wright, C.J.,                                      CHIEF
JUSTICE

McCall, J., and
Hill, J.[6]









[1]Act of May 26, 1993, 73rd Leg., R.S., ch. 1028, 1993
Tex. Gen. Laws 4435.





[2]Act of April 20, 2001, 77th Leg., R.S., ch. 38, 2001
Tex. Gen. Laws 68.





[3]Act of May 28, 2003, 78th Leg., R.S., ch. 992, 2003
Tex. Gen. Laws 2896.





[4]Section 36.121 exempts from regulation a well and any
water produced by a well that (1) is located in a county that has a population
of 14,000 or less, (2) is to be used solely to supply a municipality that has a
population of 121,000 or less, and (3) is owned by either a non-municipal
political subdivision or a municipality that has a population of 100,000 or
less and that owned the rights to the water before the date on which the
district was created.  Section 36.121 also provides that a conservation
district may not prohibit the political subdivision or municipality from transporting
water either inside or outside the district=s
boundaries. 





[5]Section 36.102 reads as follows: 

 

Enforcement of Rules

 

(a) A district may enforce this chapter and its rules
by injunction, mandatory injunction, or other appropriate remedy in a court of
competent jurisdiction.

 

(b) The board by rule may set reasonable civil
penalties for breach of any rule of the district not to exceed $10,000 per day
per violation, and each day of a continuing violation constitutes a separate
violation.

 

(c) A penalty under this section is in addition to any
other penalty provided by the law of this state and may be enforced by
complaints filed in the appropriate court of jurisdiction in the county in
which the district=s principal office or meeting place is located.

 

(d) If the district prevails in any suit to enforce its
rules, the district may seek and the court shall grant, in the same action,
recovery for attorney=s fees, costs for expert witnesses, and other costs
incurred by the district before the court.  The amount of the attorney=s fees shall be fixed by the court. 





[6]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.