Opinion issued August 29, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-10-00852-CV

————————————

**EDWARD BALDRIDGE, Appellant**

**V.**

**CHUCK BRAUNER, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE SPRING BRANCH INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, AND THE SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, Appellees**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-36082**

---

# MEMORANDUM OPINION ON REHEARING

We originally issued our opinion and judgment in this appeal on June 27, 2013.  Appellant Edward Baldridge has moved for en banc reconsideration.  We

withdraw our previous opinion and judgment, and issue this opinion and a new judgment in its place. We dismiss the motion for en banc reconsideration as moot.[1]

After Edward Baldridge's employment was terminated by Spring Branch Independent School District ("District") Police Department, he filed suit claiming that the District and its Chief of Police, Chuck Brauner (Brauner, collectively with District, appellees) violated Government Code section 614.023 and sought declaratory and injunctive relief.[2] The trial court denied appellant's motion for summary judgment and granted appellees' cross-motion for summary judgment. On appeal, appellant contends that the trial court erred in granting appellees'

---

[1]  *See Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 40 & n.2 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

[2]  Government Code chapter 614, subchapter B requires that any complaint against a law enforcement officer or fire fighter covered by this chapter be in writing and signed by the person making the complaint. TEX. GOV'T CODE ANN. § 614.022 (West 2012). Section 614.023 further provides that:

> (a) A copy of a signed complaint against a law enforcement officer of this state or a fire fighter, detention officer, county jailer, or peace officer appointed or employed by a political subdivision of this state shall be given to the officer or employee within a reasonable time after the complaint is filed.

> (b) Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee.

> (c) In addition to the requirement of Subsection (b), the officer or employee may not be indefinitely suspended or terminated from employment based on the subject matter of the complaint unless: (1) the complaint is investigated; and (2) there is evidence to prove the allegation of misconduct.

TEX. GOV'T CODE ANN. § 614.023 (West 2012).

summary judgment motion and denying his summary judgment motion because: (1) appellees were required under section 614.023 to provide him with a copy of any complaints filed against him that formed part of the basis for the termination of his employment, (2) they failed to do so, and (3) they were not allowed to circumvent the requirements of section 614.023 by alleging other bases for terminating his employment. We affirm.

## Background

Appellant was employed by the District Police Department for eleven and a half years. On Sunday, April 27, 2008, appellant responded to a call from Dr. Walter Holmsten complaining that his fence had been damaged by several adult softball players while they were using the Spring Branch Middle School baseball field. Holmsten said that the ball players looked "shady" and asked appellant to stop them from using the field. Appellant informed Holmsten that it is a public facility and he could not force the players to leave.

Dissatisfied with that answer, Holmsten informed appellant that his friends and family knew members of the District school board and they would have his job. Appellant promised to attend the next school board meeting to refute any unfounded allegations. Appellant then sought out and spoke with the softball players who denied damaging the fence. He advised them to stay off of the Holmsten property and reported back to his radio dispatcher. He then called the

dispatcher, a personal friend, on a "back line" on his personal cell phone. Upset by Holmsten's characterization of the ball players as "shady," he referred to Holmsten as a "son-of-a-bitch" and an "idiot" during the ensuing conversation.

The next day, Holmsten complained to the District Associate Superintendent Ruben Reyes about the incident. Reyes, in turn, contacted Brauner, gave him Holmsten's phone number, and asked him to look into the matter. Brauner was unable to locate the "call slip"[3] for the incident but listened to the recording of the call between appellant and the dispatcher. Brauner interviewed Mr. and Mrs. Holmsten who described how "intimidated" they felt and that appellant was "angry" at times during the incident. Holmsten further complained that appellant never contacted the players to resolve the dispute. Upon Brauner's request, Holmsten submitted his complaint in writing.

The day after he was contacted by Reyes, Brauner noted appellant wearing a Bluetooth device while on duty, in violation of the department's dress code. On May 5, 2008, Brauner issued a counseling report to appellant, advising him of the dress code policy violation. Appellant signed and acknowledged receipt of the report.

On May 23, 2008, Brauner recommended to the District Human Resources Director that appellant's employment be terminated. Brauner's recommendation

---

[3] A call slip is an internal document upon which SBISD police officers are required to document each call for service.

4

begins by discussing the internal investigation stemming from Holmsten's complaint. According to Brauner, his investigation showed that appellant was "non-responsive and non-professional [sic]" during the Holmsten incident and "[i]t is for this incident and based on my investigation of the same that I am recommending termination at this time." Brauner then goes on to cite a handful of other performance deficiencies and procedural violations spanning appellant's decade-long tenure, including the Bluetooth incident on April 29th. Brauner's recommendation states: "My recommendation is based on complaints from the community, [appellant's] fellow officers, and other SBISD Departments."

Appellant was unaware of the investigation into the Holmsten incident until Brauner presented him with a termination notice four days later. The May 27, 2008 termination notice stated that Brauner concluded that although Holmsten had "a legitimate complaint," appellant "took no action to resolve the matter" and "did not request a Call Slip issued for this Call for Service." The notice concludes:

> [Appellant] failed to respond to this Call for Service in an acceptable and professional manner as set forth in the SBISD Police Department General Orders. [Appellant's] failure to perform includes but is not limited to . . . other matters of record that clearly identify unacceptable job performance and repeated failure to follow Standards of Operation during [appellant's] tenure with the SBISD Police Department.

5

Appellant was not provided a copy of Holmsten's written complaint or Brauner's memo before his employment was terminated, and he did not learn of the full details of Brauner's investigation until the discovery phase of this lawsuit.

**Jurisdiction**

Under the Uniform Declaratory Judgments Act (UDJA), persons "affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West Supp. 2008). A declaratory judgment action against the government seeking a declaration of a party's rights and status under a statute is not barred by governmental immunity. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 859–60 (Tex. 2002); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). Governmental immunity, however, does bar suits for declaratory judgment seeking a declaration of the government's liability for money damages. *See IT–Davy*, 74 S.W.3d at 859–60.

We liberally construe appellant's claims to seek: (1) declarations that (a) appellees violated Government Code section 614.023, and (b) appellant was entitled to the withdrawal of the disciplinary action, reinstatement to his original

6

position and rank, and to otherwise be "made whole";[4] (2) injunctive relief to effectuate the declarations; and (3) court costs and attorney's fees. *See* TEX. GOV'T CODE ANN. § 614.023 (West 2012); *City of Waco v. Bittle*, 167 S.W.3d 20, 26 (Tex. App.—Waco 2005, pet. denied) (liberally construing plaintiff's allegations). As such, appellant's declaratory judgment action and request for reinstatement are not barred by the doctrine of governmental immunity. *See Leeper*, 893 S.W.2d at 446 (holding UDJA necessarily waives governmental immunity for attorney's fees in suits to construe legislative pronouncements); *City of Seagoville v. Lytle*, 227 S.W.3d 401, 410–12 (Tex. App.—Dallas 2007, no pet.) (holding that declaratory judgment, mandamus, and injunctive relief claims alleging termination in violation of Government Code sections 614.022 and 614.023 and seeking prospective reinstatement only were not barred by governmental immunity, but claims for back pay and retrospective benefits were barred).

## Summary Judgment

Appellant filed a traditional motion for summary judgment in which he argued that his employment was terminated because of the Holmsten incident, appellees were required to give him a copy of Holmsten's complaint before taking

---

[4] We do not construe appellant's request to be "made whole" as a request for back pay or benefits. A declaratory judgment action seeking back pay and benefits is a suit for money damages barred by governmental immunity absent legislative consent. *See City of Houston v. Williams*, 216 S.W.3d 827, 828–29 (Tex. 2007) (stating that retrospective monetary claims—i.e., claims for back pay and benefits—are generally barred by immunity).

7

disciplinary action against him, and appellees failed to do so in violation of section 614.023. Therefore, appellant argued, he was entitled to his requested declarations and injunctive relief as a matter of law. Appellees filed a response and a cross-motion for summary judgment in which they argued that (1) appellant's employment was not terminated because of the Holmsten incident, but rather because of internal performance issues relating to how appellant handled Holmsten's complaint, and these types of internal performance issues are not subject to the requirements of section 614.023, and (2) appellant's employment was terminated for other performance issues that are unrelated to the Holmsten incident (e.g., the Bluetooth incident) and appellant does not argue that section 614.023 applies to any of these alternative grounds for terminating his employment. Appellant responded that Holmsten's letter was clearly a "complaint" subject to section 614.023, and that Brauner's notice clearly indicated that appellant's employment was being terminated based on the Holmsten incident. Appellant never addressed the other performance issues that appellees argued were sufficient to justify the termination of appellant's employment.

On appeal, appellant argues that the trial court erred in denying his motion for summary judgment and granting appellees' cross-motion for summary judgment because his employment was terminated, at least in part, as a result of the Holmsten incident and appellees failed to provide him with a copy of Holmsten's

complaint before taking disciplinary action against him in contravention of section 614.023. Appellant further argues that appellees' violation of section 614.023 is not excused merely because other bases for terminating his employment existed. Alternatively, appellant contends that appellees also violated section 614.023 by not providing him with a copy of Brauner's "complaint" regarding the various internal policy violations that also formed the basis of the termination of appellant's employment.

Appellees counter that the trial court's grant of their motion for summary judgment was proper because appellant was not terminated as a result of the Holmsten incident, but rather as a result of internal performance issues spanning appellant's tenure which included the unprofessional phone call, failing to complete a call slip, violating policy by wearing a Bluetooth device, and a handful of other infractions.[5] Appellees further contend that even if they had been required to provide appellant with a copy of Holmsten's complaint prior to terminating his employment, they were nonetheless entitled to summary judgment based upon numerous other grounds for termination unrelated to the Holmsten incident (e.g., the Bluetooth incident), which were sufficient grounds, alone, for termination.

---

[5] Specifically, appellees point to the following internal policy infractions that are unrelated to the Holmsten incident: 2008 (violating dress code by wearing Bluetooth device while on duty), 2007 (failing to complete reports, clear call slips, and conduct truancy checks), 2004 (failing to complete accident report), 2002 (failing to report for duty), and 2001 (failing to properly handle bank deposit).

9

**A.      Standard of Review**

"Declaratory judgments decided by summary judgment are reviewed under the same standards of review that govern summary judgments generally." *Cadle Co. v. Bray*, 264 S.W.3d 205, 210 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West Supp. 2008). When both sides move for summary judgment and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence and determine all questions presented; and, if we find the trial court erred, we will reverse and render the judgment the trial court should have rendered. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). When, as here, the summary judgment does not specifically state the grounds on which it was granted, we must affirm the summary judgment if any of the asserted grounds are meritorious. *Id.*

The issues raised in this appeal involve statutory interpretation subject to de novo review. *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 352 (Tex. 2009). As with all questions of statutory interpretation, our objective is to determine and give effect to the legislature's intent, looking to the statute's plain language and avoiding any construction that would render a provision meaningless. *See, e.g., id.*; *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008).

**B.      Subchapter B of Government Code Chapter 614**

Subchapter B of Government Code Chapter 614 governs complaints against peace officers who are not covered by a civil service statute and describes the procedures that must be followed before any disciplinary action may be taken against such officers.  *See* TEX. GOV'T CODE ANN. §§ 614.021–.023 (West 2012).[6] Specifically, section 614.022 requires that any complaint against such an officer must be in writing and signed by the complainant before it can be considered by the head of a local law enforcement agency.  *Id.* at § 614.022.  A copy of the complaint must also be given to the officer a reasonable time after it is filed.  *Id.* at § 614.023(a).  Disciplinary action, including termination, may not be taken against the officer until the officer receives a copy of the complaint, "the complaint is investigated; and . . . there is evidence to prove the allegation of misconduct."  *Id.* at § 614.023(c).

**C.      Discussion**

The summary judgment evidence establishes that appellant's employment was terminated based upon his response to the Holmsten incident and other, unrelated internal performance issues including the Bluetooth incident.  Although he did not raise this issue in his motion for summary judgment or in his response to

---

[6]      *See also Guthery v. Taylor*, 112 S.W.3d 715, 717 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (stating sections 624.022 and 614.023 only apply to police officers not covered by civil service statute).

appellees' motion, appellant argues on appeal that section 614.023 applies to internal, as well as external, complaints against peace officers. *See Treadway v. Holder*, 309 S.W.3d 780, 784 (Tex. App.—Austin 2010, pet. denied) (holding Government Code section 614.023 applies to "any allegation of misconduct that could result in disciplinary action," including complaints initiated solely by officer's supervisor). Assuming without deciding that section 614.023 applies to internal performance issues, we conclude that appellees complied with section 614.023 when they terminated appellant's employment based upon the Bluetooth incident.

Here, appellees established that appellant was informed of the allegation against him—wearing a Bluetooth device while on duty in violation of departmental policy. Brauner gave appellant a counseling report that advised appellant of the dress code policy violation prior to the termination of appellant's employment. Appellant signed and acknowledged receipt of the report. Brauner, who witnessed appellant wearing the Bluetooth device while on duty, investigated the claim by discussing the matter with appellant.

Although he did not specifically recall wearing the device on April 29, 2008, appellant testified at his deposition that he had explained to Brauner that given the time he was supposedly seen wearing the device, he was probably on the phone confirming that his child had arrived safely at home after school. He also testified

12

that he knew that it was against departmental policy to wear a Bluetooth device while on duty, but he nevertheless wore it for "safety" reasons. Appellees' summary judgment evidence included copies of (1) the District's policy regarding the wearing of Bluetooth devices while on duty, (2) the counseling report that was given to appellant regarding the Bluetooth incident, and (3) relevant excerpts from appellant's deposition.

Although appellant argues on appeal that internal performance allegations are subject to section 614.023, citing to *Treadway*, appellant does not now, nor has he ever argued that the counseling report he was given for the Bluetooth device incident prior to the termination of his employment was insufficient under this section. *See* 309 S.W.3d at 784. Appellant also never argued to the trial court that the underlying allegation was false, unsubstantiated, or an insufficient basis for termination. In fact, appellant never even addressed the Bluetooth incident at the trial court level.

Our review of the evidence and trial court arguments leads us to conclude that appellees met their burden of establishing that they were entitled to summary judgment based on the Bluetooth incident as a matter of law, and that appellant failed to raise a fact question with regard to this issue. As such, the trial court properly granted appellees' motion for summary judgment and denied appellant's motion.

13

**Conclusion**

We affirm the judgment of the trial court.

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.