

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00302-CV

**CITY OF PEARSALL**,
Appellant

v.

Robert **TOBIAS**,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 13-10-00414CVF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Jason Pulliam, Justice

Delivered and Filed:  April 20, 2016

REVERSED AND REMANDED

The City of Pearsall appeals the trial court's final judgment incorporating an earlier order granting Robert Tobias's motion for declaratory judgment and ordering the City to pay Tobias $80,400.00 "pursuant to the terms of the severance provision of [an] employment contract." Because the City is immune from Tobias's declaratory judgment claim, we reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

On April 16, 2013, the City and Tobias signed an employment agreement whereby the City employed Tobias as its city manager. The term of the agreement was for two years, and the agreement provided:

> In the event [Tobias] is 'involuntarily terminated' or 'suspended' for any reason by action of the [City] Council . . ., and [Tobias] is willing and able to perform his duties under this agreement, then in that event, [the] City agrees to pay [Tobias] a cash payment, equal to one year's salary or the balance term of this agreement, whichever is less, plus any accrued leave.

On September 10, 2013, the City Council voted to terminate Tobias's employment.

On October 10, 2013, Tobias sued the City asserting a claim for breach of contract because the City refused to pay him severance pay under the above-quoted provision of the agreement. Tobias and the City filed cross-motions for summary judgment which were denied.

On April 4, 2014, Tobias amended his petition adding various individual defendants and also adding claims for fraudulent misrepresentation, fraudulent inducement, negligent misrepresentation, promissory estoppel, violations of 42 U.S.C. § 1983, and declaratory judgment. The cause was removed to federal court, and the federal district court entered an order dismissing the section 1983 claims and remanding the cause to state court.

After the cause was remanded, Tobias filed a motion for declaratory judgment. On December 2, 2014, the trial court entered an order granting Tobias's motion and ordering the City to immediately pay Tobias $80,400.00 "pursuant to the terms of the severance provision of the employment contract." After the order was entered, the City filed a plea to the jurisdiction and motion to dismiss Tobias's breach of contract claim, and Tobias filed a motion for a hearing to clarify the order granting declaratory judgment and motion to non-suit individual defendants. After a hearing, the trial court signed a final judgment denying Tobias's motion to clarify, granting the motion to non-suit the individual defendants, and concluding the December 2, 2014 order

rendered the City's plea to the jurisdiction and motion to dismiss breach of contract claim moot. The final judgment expressly stated, "Nothing in this order modifies the Court's order dated December 2, 2014." The City appeals.

## DISCUSSION

In its first issue on appeal, the City contends the trial court lacked subject-matter jurisdiction to enter a declaratory judgment awarding Tobias monetary damages. "Whether a court has subject-matter jurisdiction is a question of law reviewed de novo." *City of Ingleside v. City of Corpus Christi*, 469 S.W.3d 589, 590 (Tex. 2015).

The Uniform Declaratory Judgments Act (UDJA) "does not enlarge a court's jurisdiction; it is a procedural device for deciding cases already within a court's jurisdiction." *City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011). Although the UDJA contains a waiver of immunity from suit, the waiver is limited to claims challenging the validity of ordinances or statutes. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 2015); *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011). "'[P]rivate parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim.'" *City of Houston v. Williams*, 216 S.W.3d 827, 828-29 (Tex. 2007) (quoting *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002)). Consequently, immunity is not waived for declaratory judgment claims seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities. *See IT-Davy*, 74 S.W.3d at 855-56.

The City argues Tobias's declaratory judgment claim simply recasts his breach of contract claim. Tobias concedes this point in his brief, stating, "In this case, the breach of contract claim was a mirror-image of the declaratory judgment." Tobias argues, however, that the City's immunity is waived under section 271.152 of the Texas Local Government Code. This court

rejected a similar argument in *Lower Colorado River Auth. v. City of Boerne*, 422 S.W.3d 60, 66-67 (Tex. App.—San Antonio 2014, pet. dism'd).

In *Lower Colorado River Auth.*, the Lower Colorado River Authority (LCRA) entered into an agreement with the City of Boerne whereby Boerne agreed to purchase its electric power and energy requirements from LCRA. 422 S.W.3d at 63. The agreement had a twenty-five year term. *Id.* In 1987, LCRA and Boerne signed an amendment extending the term of the agreement to June 25, 2016. *Id.* Rather than negotiate a second extension, Boerne provided timely notice that it would allow the agreement to expire by its terms on June 25, 2016. *Id.* In June of 2012, however, Boerne sent a letter to LCRA claiming LCRA had materially breached the agreement and Boerne would terminate the agreement if LCRA did not cure the breach within thirty days. *Id.* In August of 2012, Boerne notified LCRA the agreement would terminate on September 13, 2012, because LCRA had failed to cure the breach. *Id.*

LCRA sued Boerne seeking a declaratory judgment confirming it had not breached the agreement and also asserted a claim for breach of contract seeking damages. *Id.* The City filed a plea to the jurisdiction asserting it was immune from both claims. *Id.* The trial court denied the plea as to the breach of contract claim but granted it as to the declaratory judgment claim. *Id.* LCRA appealed. *Id.*

This court first noted LCRA's declaratory judgment claim sought "to establish the legal and factual foundation for LCRA's breach of contract claim against the City of Boerne, which in turn seeks to impose liability on the City." *Id.* at 67. Accordingly, this court concluded, "LCRA's declaratory judgment claim is essentially duplicative of its breach of contract claim." *Id.* Similar to the argument made by Tobias in his brief, LCRA asserted Boerne's immunity was waived because its declaratory judgment claim sought to adjudicate a claim for breach of contract for which section 271.152 waived immunity. In rejecting LCRA's argument, this court reasoned:

. . . . Section 271.152 provides that, "A local governmental entity ... that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOC. GOV'T CODE ANN. § 271.152 (emphasis added). Under the statute, "adjudication" of a claim "means the bringing of a civil suit and prosecution to final judgment in county or state court" or through an arbitration proceeding. *Id.* § 271.151(1) (West Supp. 2013). LCRA argues that nothing in section 271.152 excludes declaratory judgment actions based on written contracts from the statutory waiver. On the other hand, nothing in the statute expressly includes declaratory judgment claims.

The City of Boerne argues that LCRA's declaratory judgment claim is not "for the purpose of adjudicating a claim for breach of contract," and thus does not fall within section 271.152's waiver of immunity. It cites us to cases [] which have held that in the absence of a properly pleaded breach of contract claim, section 271.152 does not waive immunity. *See Wheelabrator*, 381 S.W.3d at 605 (no waiver of immunity under section 271.152 for quantum meruit claim); *see also Ghidoni v. Bexar Metro. Water Dist.*, No. 04–07–00377–CV, 2007 WL 2481034, at *1–2 (Tex. App.—San Antonio Sept. 5, 2007, no pet.) (mem. op.) (no waiver for fraud claims instead of breach of contract claim); *McCandless v. Pasadena Indep. Sch. Dist.*, No. 03–09–00249–CV, 2010 WL 1253581, at *3 (Tex. App.—Austin Apr. 2, 2010, no pet.) (mem. op.). We agree with the City of Boerne. The Supreme Court stated in *Tooke* that Chapter 271 only waives immunity for suits that seek the remedies specifically set out in the statute. *Tooke*, 197 S.W.3d at 345. Based on the plain language of section 271.152, the legislature has not expressly and unambiguously waived immunity from suit for a declaratory judgment claim. As the City of Boerne notes, by granting its plea to the jurisdiction only on LCRA's declaratory judgment claim, the trial court has allowed LCRA to proceed on its breach of contract claim, for which immunity is expressly waived under section 271.152. Therefore, LCRA will be permitted to adjudicate the breach of contract issue when the trial resumes.

*Id.* Based on our analysis in *Lower Colorado River Auth.*, we similarly reject Tobias's argument and hold the City is immune from Tobias's declaratory judgment claim; therefore, the trial court erred in granting Tobias declaratory relief.[1] *See id.*

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Rebeca C. Martinez, Justice

---

[1] Because we reverse the trial court's judgment on this basis, we need not address any of the other arguments raised in the City's brief in support of a reversal. TEX. R. APP. P. 47.4.