

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-20-00071-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Patrick **VON DOHLEN**, Brian Greco, Kevin Jason Khattar, Michael Knuffke, and Daniel Petri,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI18637
Honorable David A. Canales, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: August 19, 2020

REVERSED AND RENDERED

Appellant City of San Antonio ("the City") appeals the trial court's order denying the City's plea to the jurisdiction and Rule 91a motion to dismiss. Because the City has governmental immunity from appellees' claims, we reverse the trial court's ruling on the plea to the jurisdiction and render judgment dismissing this case for lack of jurisdiction.

## Background

The City owns and manages the San Antonio International Airport. On March 21, 2019 the San Antonio City Council considered whether to approve a proposed concession agreement that

would permit a subcontractor to operate a Chick-fil-A restaurant in the airport. After two council members objected to the inclusion of Chick-fil-A in the concession agreement based on Chick-fil-A's "legacy of anti-LGBTQ behavior," the council approved the agreement subject to an amendment requiring Chick-fil-A be replaced with a different vendor.

The Texas Legislature subsequently passed legislation prohibiting governmental entities from taking any "adverse action" against any person or business based on "membership in, affiliation with, or contribution, donation, or other support provided to a religious organization." TEX. GOV'T CODE ANN. § 2400.002. Days after this legislation took effect on September 1, 2019, appellees Patrick Von Dohlen, Brian Greco, Kevin Jason Khattar, Michael Knuffke, and Daniel Petri filed the underlying lawsuit seeking declaratory and injunctive relief. Appellees allege the City is violating Government Code chapter 2400 by continuing to exclude Chick-fil-A from operating a restaurant in the airport based on Chick-fil-A's "past and present contributions, donations, and support for certain religious organizations" that oppose "homosexual behavior."[1]

The City answered appellees' suit and filed a plea to the jurisdiction based on governmental immunity and a Rule 91a motion to dismiss for lack of standing. Following a hearing, the trial court denied both the plea to the jurisdiction and the Rule 91a motion to dismiss.

The City filed this accelerated appeal. In two issues, the City challenges the trial court's denial of the plea to the jurisdiction and the Rule 91a motion to dismiss. Because our resolution of the issue regarding the plea to the jurisdiction is dispositive, we address only that issue and not the City's challenge to the trial court's denial of the Rule 91a motion to dismiss for lack of standing.

---

[1] Chick-fil-A is not a party to this litigation.

**Standard of Review**

Sovereign immunity protects the state from being "'sued in her own courts without her consent[.]'" *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006) (quoting *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)). "Political subdivisions of the state, including cities, are entitled to such immunity—referred to as governmental immunity—unless it has been waived." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). "[G]overnmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Tooke*, 197 S.W.3d at 332.

Where, as here, a city files a plea to the jurisdiction based on governmental immunity from suit and liability, we review the trial court's ruling de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Because the City's plea to the jurisdiction challenged the pleadings, we construe the pleadings liberally to determine whether appellees alleged facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Id.* If the pleadings do not affirmatively demonstrate jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, appellees should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, the plea should be granted without permitting amendment. *Id.* at 227. Whether appellees met their burden is a question of law. *Id.* at 226.

**Discussion**

**A.     Parties' arguments and pleadings**

Appellees seek relief for alleged violations of Government Code chapter 2400, which "waive[s] and abolishe[s]" the City's governmental immunity from suit and liability for violations of that chapter. TEX. GOV'T CODE ANN. § 2400.004. Both the City and appellees agree that because

chapter 2400 did not take effect until September 1, 2019 and is not retroactive, the City's governmental immunity for any actions taken prior to that date is not waived. Therefore, the parties' dispute centers on whether appellees allege a violation of chapter 2400 occurring on or after September 1, 2019.

Appellees' original petition alleges the City "is violating section 2400.002 by banning Chick-fil-A from its airport" and the City's "continued exclusion of Chick-fil-A" is a violation of the statute. In the "Demand for Judgment" section of the original petition, appellees request:

 a. a declaration that the city of San Antonio violated and continues to violate section 2400.002 of the Texas Government Code by banning Chick-fil-A from the San Antonio airport;

 b. a temporary and permanent injunction that prevents the city . . . from excluding Chick-fil-A from the San Antonio airport;

 c. a temporary and permanent injunction that compels the city . . . to install a Chick-fil-A restaurant in the San Antonio airport, consistent with the proposal submitted . . . before the . . . amendment;

 d. a temporary and permanent injunction that prohibits the city from taking any adverse action against Chick-fil-A or any other person or entity, which is based wholly or partly on that person or entity's support for religious organizations that oppose homosexual behavior;

 e. all costs of suit and reasonable attorneys' fees; and

 f. all other relief that this Court deems appropriate.

In their brief on appeal, appellees explain they "are seeking judicial relief *only* with respect to the 'actions' that the city has taken or will take to *implement* the [amended concession agreement's] instruction to replace Chick-fil-A with another vendor" on or after September 1, 2019, including "negotiations with replacement vendors and other 'actions' to place a different vendor in the space that had been earmarked for Chick-fil-A" (emphases in original).

The City responds that appellees' "transparent purpose is to reverse an action by the City that they concede was not unlawful at the time it was taken," *i.e.*, the city council's approval of the concession agreement as amended to require replacement of Chick-fil-A with another vendor.

**B.      Analysis**

A plaintiff alleging the government and its officers are acting without legal or statutory authority may seek declaratory and injunctive relief. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105, 114 (Tex. App.—Austin 2007, no pet.). While such a suit generally does not implicate governmental immunity, *see id.*, governmental immunity will preclude the suit if its purpose or effect is to cancel or nullify a contract made for the benefit of the state. *City of Austin v. Util. Assocs., Inc.*, 517 S.W.3d 300, 311–12 (Tex. App.—Austin 2017, pet. denied); *Tex. Logos*, 241 S.W.3d at 120 (citing *W.D. Haden Co. v. Dodgen*, 308 S.W.2d 838, 841 (Tex. 1958)). In other words, where "the only plausible remedy" for the plaintiff's claim is invalidation of a government contract, governmental immunity bars both suit and liability. *See Tex. Logos*, 241 S.W.3d at 122–23 (citing *City of Houston v. Williams*, 216 S.W.3d 827, 828–29 (Tex. 2007) (per curiam); *Tooke*, 197 S.W.3d at 331–32).

Here, although appellees purport to seek only prospective relief for which the City's immunity would be waived and abolished under Government Code chapter 2400, the "only plausible remedy" for their claims is nullification of the amended concession agreement—a contract made for the City's benefit prior to enactment of chapter 2400. Appellees pleaded for a declaration that the City is violating Government Code chapter 2400 by implementing the amended concession agreement, as well as an injunction requiring the city "to install a Chick-fil-A restaurant in [the airport], consistent with the proposal submitted . . . before the . . . amendment" to the concession agreement. In other words, appellees seek effectively to undo and invalidate a contract

previously approved by the city council, compel the City to re-open the contract approval process, and require the City to re-award the contract to a subcontractor that will operate a Chick-fil-A restaurant in the airport. *See Util. Assocs.*, 517 S.W.3d at 311–12 (holding claims that sought "effectively to undo a contract award previously approved by the Austin City Council, invalidate an already-executed contract . . . , reopen the previously concluded procurement process, and compel the City Defendants to re-award the contract to [plaintiff] instead" were barred by governmental immunity). Appellees' claims, therefore, are barred by governmental immunity from both suit and liability. *See id.*; *Tex. Logos*, 241 S.W.3d at 120. Further, because appellees' claims affirmatively negate the existence of jurisdiction, amendment would not cure the defect. *See Miranda*, 133 S.W.3d at 227.

Accordingly, we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing this case for lack of jurisdiction. Because our resolution of the plea to the jurisdiction is dispositive, we need not address the trial court's ruling on the City's Rule 91a motion to dismiss for lack of standing.

## Conclusion

We sustain the City's first issue, reverse the trial court's order denying the City's plea to the jurisdiction, and render judgment dismissing this case for lack of jurisdiction.

Sandee Bryan Marion, Chief Justice