

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00108-CV

**LOWER COLORADO RIVER AUTHORITY**,
Appellant

v.

**CITY OF BOERNE**, Texas,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 12-502
Honorable Bill R. Palmer, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  January 8, 2013

AFFIRMED

The Lower Colorado River Authority ("LCRA"), a political subdivision of the State,

appeals the portion of the trial court's order granting the City of Boerne's plea to the jurisdiction,

thereby immunizing the City from LCRA's suit for declaratory relief.  We decline to overrule *City*

*of San Antonio ex rel. City Pub. Serv. Bd. v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.3d

597 (Tex. App.—San Antonio 2012, pet. denied), and affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1974, under the authority of its enabling legislation, LCRA entered into Wholesale Power Agreements ("WPAs") with several dozen cities and electric cooperatives, including the City of Boerne. Boerne agreed to purchase 100% of its total annual electric power and energy requirements from LCRA in a WPA with a 25-year term that extended for a successive 25-year term unless terminated by either LCRA or the City of Boerne. The WPA contained a Uniform Rate Clause by which LCRA agreed that if it supplied electricity to another similarly-situated customer at a lower rate than that set out in Boerne's rate schedule, LCRA would make the lower rate available to Boerne.

In 1987, LCRA and Boerne signed an amendment to the WPA extending its term to June 25, 2016, and requiring either party to provide notice of termination by June 25, 2011. In 2011, LCRA again renegotiated many of its customer agreements, extending the terms of those WPAs to 2041 in exchange for a reduction in the energy purchase requirements. Rather than negotiate a second extension with LCRA, Boerne provided timely notice that it would allow its WPA to expire by its terms on June 25, 2016.

On June 28, 2012, however, Boerne sent a letter to LCRA claiming that it had materially breached the WPA by violating the Uniform Rate Clause when it permitted other customers to reduce their energy requirements. The letter also stated that Boerne would terminate the WPA if LCRA did not cure the breach within thirty days. On August 13, 2012, Boerne notified LCRA that, because it had failed to cure the breach, it would terminate the WPA in thirty days' time on September 13, 2012.

LCRA filed a lawsuit seeking a declaratory judgment confirming that it had neither breached the WPA nor violated its enabling legislation. LCRA additionally pleaded a claim for breach of contract and damages. The City of Boerne filed a plea to the jurisdiction, asserting

governmental immunity as to LCRA's declaratory judgment claim and its breach of contract claim. The trial court denied Boerne's plea to the jurisdiction as to the breach of contract claim, but granted the plea as to the declaratory judgment claim. This appeal by LCRA followed.

## STANDARD OF REVIEW

To have authority to resolve a case, a court must have subject matter jurisdiction. *Tex. Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Sovereign and governmental immunity from suit deprive a trial court of subject matter jurisdiction. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). In a suit against a governmental entity, the plaintiff must prove a valid waiver of immunity from suit and must plead sufficient facts demonstrating the trial court's jurisdiction in order to invoke the court's subject matter jurisdiction over the claim. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. A governmental entity properly raises immunity through a plea to the jurisdiction. *Reata*, 197 S.W.3d at 374. The reviewing court does not examine the merits of the cause of action when considering a trial court's ruling on a plea to the jurisdiction, but considers only the plaintiff's pleadings and any evidence relevant to the jurisdictional inquiry. *Miranda*, 133 S.W.3d at 227; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the relevant evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea to the jurisdiction and the fact issue must be resolved by the fact finder; however, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court must rule on the plea as a matter of law. *Miranda*, 133 S.W.3d at 227-28. We construe the pleadings liberally in favor of jurisdiction, and accept the pleadings' factual allegations as true. *Id.* at 226. Whether subject matter jurisdiction exists is a question of law to be reviewed de novo. *Tex. Nat'l Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## LIMITED WAIVER OF GOVERNMENTAL IMMUNITY

Governmental immunity has two components—immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). The State and any units of State government are immune from suit and liability unless the State consents. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivis. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323-24 (Tex. 2006) (the sovereign is immune from both liability and suit). Similarly, governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Id.* at 324; *City of Houston v. Williams*, 353 S.W.3d 128, 134 n.5 (Tex. 2011) (distinguishing governmental and sovereign immunity). A governmental entity such as a city that enters into a contract waives immunity from liability by voluntarily binding itself to the contract terms, but it does not thereby waive its immunity from suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). A political subdivision such as the City of Boerne is immune from suit unless expressly waived by the legislature. *Williams*, 353 S.W.3d at 134. Only "clear and unambiguous" language within a statute will be interpreted as waiving immunity, and it has long been recognized that the power to waive immunity from suit lies solely with the legislature. TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Williams*, 353 S.W.3d at 134; *IT-Davy*, 74 S.W.3d at 853-54. Immunity from suit functions as a jurisdictional bar, while immunity from liability operates as an affirmative defense. *Williams*, 353 S.W.3d at 134; *Miranda*, 133 S.W.3d at 224.

## DISCUSSION

On appeal, LCRA argues the trial court has jurisdiction over its declaratory judgment claim, and thus erred in granting Boerne's plea to the jurisdiction as to that claim, because:

> (1) a city does not have any governmental immunity against a suit based on a contract involving a proprietary function, such as provision of electrical power to its citizens, rather than a governmental function;

(2) even if immunity against suit exists with respect to such a contract,

> (i)    immunity is not implicated here because LCRA's declaratory judgment claim does not attempt to impose liability on the City of Boerne or to control its actions; or

> (ii)   the statutory waiver of immunity for certain breach of contract claims in section 271.152 of the Texas Local Government Code is broad enough to encompass declaratory judgment claims that may result in contractual liability by a city.

### 1.    *No Immunity Against Suit Exists — Proprietary-Governmental Dichotomy*

LCRA argues that the City of Boerne was engaged in a proprietary function when it entered into and agreed to extend the WPA for the purpose of providing its citizens with energy and electrical power, and thus no immunity against a claim based on the WPA exists.  In support, LCRA relies on the common law principle stated in *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex. 1986), which held that a city has immunity for governmental functions performed as an agent of the State "in furtherance of general law for the interest of the public at large," but no immunity for proprietary functions performed in its private capacity for the benefit of only its own citizens.  *Id.* at 738-39.  Because the provision of electrical power to the city's residents is a proprietary function, LCRA contends that the City of Boerne has no immunity against LCRA's suit arising out of the WPA.  *Id.*; *see Int'l Bank of Commerce of Laredo v. Union Nat'l Bank of Laredo*, 653 S.W.2d 539, 546 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (noting that a municipality's proprietary functions include providing gas and electric service to its citizens).

Subsequent to *Gates* and its progeny, in 2005, the legislature adopted Subchapter I of Chapter 271 of the Local Government Code which expressly waives immunity from suit for certain contractual claims against local governmental entities.  TEX. LOC. GOV'T CODE ANN. § 271.151-.160 (West 2005 & Supp. 2013); *Ben Bolt*, 212 S.W.3d at 327.  For the waiver to apply, (1) the party against whom waiver is asserted must be a "local governmental entity," (2) authorized by

statute or the constitution to enter into contracts, and (3) the local governmental entity must have in fact entered into a "contract subject to this subchapter." TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005); *Williams*, 353 S.W.3d at 134. The statute defines "a contract subject to this subchapter" as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." TEX. LOC. GOV'T CODE ANN. § 271.151(2)(A) (West Supp. 2013). The statutory waiver of immunity is limited to a "suit for the purpose of adjudicating a claim for breach of the contract." *Id.* § 271.152.

In view of section 271.152's statutory waiver for certain breach of contract claims against governmental entities, this Court has declined to apply *Gates*'s proprietary-governmental dichotomy to contractual or quasi-contractual claims. *See Wheelabrator*, 381 S.W.3d at 605. As a matter of first impression, we rejected the subcontractor's argument that the City of San Antonio had no immunity from its quasi-contractual quantum meruit claim because the City's operation of a public utility was a proprietary function, and the proprietary-governmental distinction established in *Gates* and incorporated into the Texas Tort Claims Act should be applied to quasi-contractual claims such as quantum meruit. *Id.* We reasoned that by restricting section 271.152's waiver of immunity for contractual claims to suits for breach of express written contracts for goods and services, the legislature consciously chose to exclude other contractual and quasi-contractual claims from the statutory waiver; as it did in the Tort Claims Act, the legislature could have incorporated the proprietary-governmental dichotomy into the statutory waiver for breach of contract claims, but chose not to do so. *Id.* at 603-04; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001—.029 (West 2011 & Supp. 2013). We further noted that *Gates*'s common law principle that when a municipality engages in a proprietary function it is subject to the same liability as a private person pre-dates the 2005 enactment of the statutory scheme waiving

immunity for certain contract claims, and also pre-dates *Tooke*. *Wheelabrator*, 381 S.W.3d at 603-04. In *Tooke*, the Supreme Court made clear that sovereign immunity is the default rule with respect to all types of claims against municipalities and explicitly stated that "we have never held that this same distinction [proprietary/governmental functions] determines whether immunity from suit is waived for breach of contract claims, and we need not determine that issue here." *Id.* at 604 (quoting *Tooke*, 197 S.W.3d at 343). As we noted in *Wheelabrator*, the Supreme Court had not revisited the issue since *Tooke*. *Id.*

Making basically the same arguments that we rejected in *Wheelabrator*, LCRA asserts that *Wheelabrator* is wrong and should be overturned. In arguing that after the 2005 enactment of the statutory waiver the Supreme Court and several courts of appeals have "applied" the governmental-proprietary dichotomy in determining a city's immunity in a contract case, LCRA relies on several of the same cases we discussed, and distinguished, in the *Wheelabrator* opinion. *See id.* at 604-05 (distinguishing several post-*Tooke* cases by noting that none of the opinions actually reached the issue of whether the governmental-proprietary dichotomy applies to contractual or quasi-contractual claims because the municipalities were all found to be engaged in a governmental function). Without raising any new authority or arguments, LCRA calls *Wheelabrator* an "outlier" and asks this court to reconsider the applicability of the governmental-proprietary dichotomy to contractual and quasi-contractual claims. LCRA asserts that *Wheelabrator*'s reasoning is flawed because section 271.152's waiver of immunity was intended to broaden, not narrow, the scope of contract claims that could be filed against cities, and the statutory waiver scheme is inapplicable in contract cases in which no immunity exists in the first place, i.e., when a city engages in a proprietary function. We are not persuaded that any of LCRA's arguments undermine *Wheelabrator*'s analysis. Moreover, the Supreme Court recently denied the

petition for review filed in *Wheelabrator*. Until either the legislature[1] or the Supreme Court resolves this issue to the contrary, we are bound by the precedent of our prior opinion and decline to undertake en banc consideration as suggested by LCRA. *See* TEX. R. APP. P. 41.1(a), 41.2(c).

### 2. *If Immunity Against Suit Exists — Immunity is Either Not Implicated or Waived*

LCRA argues that, even if immunity against suit exists here, either (i) the immunity is not implicated because LCRA's declaratory judgment claim does not attempt to impose liability on the City of Boerne or to control its actions, or (ii) section 271.152's waiver of immunity against suit for certain breach of contract claims is broad enough to encompass LCRA's declaratory judgment claim.

With respect to the nature of its cause of action, we look to LCRA's second amended petition. LCRA specifically requested a "determination of the questions of construction arising under the statutes and contract" as well as a "declaration of rights, status, and legal relations of the parties, particularly in regard to the Defendant's assertion of a breach of contract based on the construction of the Uniform Rate Clause and Defendant's claimed right to unilaterally terminate the contract based on that clause." The cause of action seeks to establish the legal and factual foundation for LCRA's breach of contract claim against the City of Boerne, which in turn seeks to impose liability on the City. LCRA's declaratory judgment claim is essentially duplicative of its breach of contract claim.

As to the scope of section 271.152's waiver of immunity for breach of contract claims, LCRA argues the other side of the same coin, stating that its declaratory judgment claim is a claim which seeks to "adjudicate[] a claim for breach of contract" within the meaning of section 271.152. Section 271.152 provides that, "A local governmental entity . . . that enters into a contract subject

---

[1] The legislature adopted amendments to Subchapter I of Chapter 271 in 2013, after *Wheelabrator* was issued in 2012, but did not amend section 271.152.

to this subchapter waives sovereign immunity to suit for the purpose of ***adjudicating a claim for breach of the contract***, subject to the terms and conditions of this subchapter." TEX. LOC. GOV'T CODE ANN. § 271.152 (emphasis added). Under the statute, "adjudication" of a claim "means the bringing of a civil suit and prosecution to final judgment in county or state court" or through an arbitration proceeding. *Id.* § 271.151(1) (West Supp. 2013). LCRA argues that nothing in section 271.152 *excludes* declaratory judgment actions based on written contracts from the statutory waiver. On the other hand, nothing in the statute expressly includes declaratory judgment claims.

The City of Boerne argues that LCRA's declaratory judgment claim is not "for the purpose of adjudicating a claim for breach of contract," and thus does not fall within section 271.152's waiver of immunity. It cites us to cases, including *Wheelabrator*, which have held that in the absence of a properly pleaded breach of contract claim, section 271.152 does not waive immunity. *See Wheelabrator*, 381 S.W.3d at 605 (no waiver of immunity under section 271.152 for quantum meruit claim); *see also Ghidoni v. Bexar Metro. Water Dist.*, No. 04-07-00377-CV, 2007 WL 2481034, at *1-2 (Tex. App.—San Antonio Sept. 5, 2007, no pet.) (mem. op.) (no waiver for fraud claims instead of breach of contract claim); *McCandless v. Pasadena Indep. Sch. Dist.*, No. 03-09-00249-CV, 2010 WL 1253581, at *3 (Tex. App.—Austin Apr. 2, 2010, no pet.) (mem. op.). We agree with the City of Boerne. The Supreme Court stated in *Tooke* that Chapter 271 only waives immunity for suits that seek the remedies specifically set out in the statute. *Tooke*, 197 S.W.3d at 345. Based on the plain language of section 271.152, the legislature has not expressly and unambiguously waived immunity from suit for a declaratory judgment claim. As the City of Boerne notes, by granting its plea to the jurisdiction only on LCRA's declaratory judgment claim, the trial court has allowed LCRA to proceed on its breach of contract claim, for which immunity is expressly waived under section 271.152. Therefore, LCRA will be permitted to adjudicate the breach of contract issue when the trial resumes.

## CONCLUSION

Based on our *Wheelabrator* precedent and our analysis of section 271.152, we affirm the trial court's order granting the City of Boerne's plea to the jurisdiction on LCRA's declaratory judgment claim.


Rebeca C. Martinez, Justice