ACCEPTED
04-15-00302-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/13/2015 6:46:32 PM
KEITH HOTTLE
CLERK

## No. 04-15-00302-CV

_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/13/2015 6:46:32 PM
KEITH E. HOTTLE
Clerk

## IN THE TEXAS COURT OF APPEALS
## FOURTH COURT OF APPEALS
## AT SAN ANTONIO, TX

_____

## CITY OF PEARSALL

### APPELLANT

## VS.

## ROBERT M. TOBIAS

### APPELLEE

_____

*Appealed from the 218th Judicial District Court*
*Frio County, Texas, Hon. Donna S. Rayes, Presiding Judge*

_____

### APPELLEE'S RESPONSE TO APPELLANT'S BRIEF

_____

**REID E. MEYERS**
State Bar No. 14003850
Attorney for Robert Tobias
11118 Wurzbach Rd, Suite 206
San Antonio, TX 78230
210.415.1070
reidmeyers@sbcglobal.net

# IDENTITY OF PARTIES AND COUNSEL

Appellee:     ROBERT M. TOBIAS

Counsel for Appellee:

**Reid E. Meyers**
State Bar No.  14003850
Attorney for Robert M. Tobias
11118 Wurzbach Rd., Ste. 206
San Antonio, TX 78230
210.415.1070
reidmeyers@sbcglobal.net


Appellant:   CITY OF PEARSALL

Counsel for Appellant:

**Albert Lopez**
State Bar No. 12562350
14310 Northbrook Dr., Suite 200
San Antonio, TX 78232
210.404.1983
alopezoffice@gmail.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES………………………………… iii.

STATEMENT OF CASE………………………………… iv.

STATEMENT REGARDING ORAL ARGUMENT……….. v.

ISSUES PRESENTED…………………………………… iv.

STATEMENT OF FACTS AND PROCEDURAL HISTORY. 1.

SUMMARY OF THE ARGUMENT……………………….. 5.

ARGUMENT AND CONCLUSION……………………….. 6.

CERTIFICATE OF SERVICE……………………………… 15.

CERTIFICATE OF COMPLIANCE……………………….. 16.

# INDEX OF AUTHORITIES

**STATUTES:**

1.     Texas Local Government Code, Section 271.151-3……………….   6.

2.     Chapter 37, Texas Declaratory Judgment Act……………………..   11.

**CASES:**

*Ben Bolt-Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions property/Casualty Joint Self-Insurance Fund,* 212 S.W. 3d 320, (Tex. 2006)………………………………………………………   8.

*Lower Colorado River Authority v. City of Boerne,* 422 S.W. 3d 60, 67 (Tex. App. - San Antonio 2014. pet. dism'd)………………………………..   8.

*Nat'l Public Finance Guarantee Corp. v. Harris County-Houston Sports Authority,* 448 S.W. 3d, 472, 484, (Tex. App. Houston [1st Dist.] 2014, no pet.)…………………………………………………………………..   8.

*Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W. 3d. 389, Tex. Sup. Ct. (Tex. 2002)…………………………………………………..   10.

*Tooke v. City of Mexia,* 197 S.W. 3d. 325 at 345  …………………………….   9.

*Wheelabrator Air Pollution Control Inc. v. City of San Antonio Acting though City Public Service Board of San Antonio,* 381 S. W. 3d, at 605.   9.

*Zachry Construction Corps. v. Port of Houston Authority of Harris County,* 2014 WL 4472616 (Tex. 2014)…………………………………….   10.

# APPELLEE'S STATEMENT OF THE CASE

Nature of the Case: This brief is in response to Appellant's appeal from the trial court's final judgment of a breach of contract claim and it's award of Declaratory Judgment for the Appellee.

Course of Proceedings:
- The parties filed cross-motions for summary judgment.
- Plaintiff filed a Motion for Declaratory Judgment.
- Defendant filed a Motion for Reconsideration.
- Plaintiff filed a Motion to Clarify Judgement and a Motion to Non-suit Additional Defendants.
- Defendant filed a Plea to Jurisdiction a Motion to Dismiss the Breach of Contract Claim.

Trial Court Dispositions:
- The Trial Court DENIED the Parties' Cross-motions for Summary Judgment without comment.
- The Trial Court GRANTED Plaintiff's Motion for Declaratory Judgment.
- The Trial Court DENIED the Defendant's Motion for Reconsideration
- The Trial Court GRANTED Plaintiff's Motion to Non-Suit Additional Defendants.
- The Trial Court DENIED Plaintiff's Motion to Clarify the Order Granting Declaratory Judgment.
- The Trial Court DENIED as Moot the Defendant's Plea to Jurisdiction and Motion to Dismiss Breach of Contract Claim.

## APPELLEE'S STATEMENT REGARDING ORAL ARGUMENT

Appellee disagrees that Oral Argument would be helpful to the Court and opposes taking the Court's time for such an event. Appellee believes that the record is clear and the papers speak for themselves. Oral Argument would be a burden to the Court and to the parties. Appellee opposes any further delay and expense on this matter.

## ISSUES PRESENTED

Appellant presented several issues in its Appeal to this Court. Appellee rejects and opposes all of them and asserts that the Trial Court was correct in its ruling(s). The Appellee seeks an Order from this Court which affirms that the trial court did not err in granting the Order that the underlying contract was clear and unambiguous, and must be complied-with by the Appellant.

A. The trial court did not err in Granting the Plaintiff's Declaratory Judgment and Awarding to Plaintiff amounts that were were balances due under the contract.

1. The trial court GRANTED the Declaratory Judgment based on the specific terms of a contract as permitted under Chapter 37, Declaratory Judgment, Texas Civil Practice and Remedies Code.

2. The trial court did not grant money damages as Appellant alleges. Instead, it granted the balance due to Plaintiff as provided for in Section 271.153(a)(1) of the Texas Local Government Code.

3. The trial court Granted Attorney's Fees that are permitted under Section 271.153(a)(3) and (4) of the TLGC.

4. The trial court had subject matter jurisdiction under Section 271.152, TLGC, to grant those awards.

5. The Appellants waived government immunity under Section 271.152, TLGC.

6. No issues of fact were necessary to consider the Declaratory Judgment.

B.      Once the additional defendants were non-suited and the trial court concluded that immunity was waived under Section 271.152, it was not err for the trial court to find as "moot" Defendant's Plea to Jurisdiction and Motion to Dismiss.

1.      Appellee's breach of contract was not dismissed.

# THE APPELLEE'S REPONSE TO APPELLANT'S APPEAL BRIEF

TO THE HONORABLE FOURTH COURT OF APPEALS:

NOW COMES Appellee, Robert M. Tobias, and submits his Response to Appellant's Appeal Brief.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Contract and Termination of Employment.

In April, 2013, Appellee entered into a written contract of employment to be the Appellant's City Manager. CR 000002. The Appellant drafted the terms of the agreement, which included terms that Appellant claimed in the trial court proceedings and here as illegal. CR 0000059. The Agreement contained a clear and specific provision about what happens if the Appellant terminated Appellee's employment during the term of the contract. Section 3. A. Termination Pay states:

*"In the event the Manager is "involuntarily terminated", or "suspended" <u>for any reason</u> by action of the Council, as stated in Section B "Term" of this agreement, and Manager is willing and able to perform his duties under this agreement, then in that event, City agrees to pay Manager a cash payment, equal to one year's salary or the balance term of this agreement, whichever is less, plus any accrued leave."* (underscore supplied for emphasis)**.**

In mid-September, 2013, four and one-half months after he was hired, Appellant unceremoniously terminated Appellee's employment and

1

the Agreement, and refused to comply with the "cash payment" term of Section 3.A. of the Agreement. CR 000039. Appellee attempted to resolve the dispute short of litigation but Appellant refused to discuss the matter and, further, refused to mediate after the litigation began. The Appellant refused to make any offer of settlement in this matter. Appellee had no choice but to assert his rights and remedies in this cause of action. CR 00003.

Appellee's Claims and Appellant's Defenses.

The record is clear that throughout the litigation, at the hearings and in his papers, Appellee took the unvarnished position that the "for any reason" provision of Section 3.A. meant just that - for any reason. As stated over and over by Appellee, nothing else mattered - not the residency clause, not Appellee's conduct or performance, not the reasons for the termination or the legality of any of the Agreement's other provisions. RR Vol. 1., p. 4-5.

When Appellant realized that it could not get around the clear language contained in Section 3. A., it contrived the novel proposition and defense that the residency requirement the Appellant drafted in Section 10. b. of the Agreement, was *ultra vires* making the entire employment agreement null and void. Appellant amended its Answer to assert *ultra vires* as a defense and then claimed governmental immunity. CR0000059.

<u>The Trial Court's December 2, 2014, Order.</u>

In several hearings, the trial court denied every motion Appellant filed in this matter. At the October 23d and December 2d hearings, Appellee pointed-out to the trial court that the Agreement contained a severability clause at Section 11. D..  If the residency issue was such a concern to Appellant, that so-called *ultra-vires* provision could have been severed under Section 11. D..  CR 000067. Appellant had no good response to that notion and did not successfully argued the point further.

As a result, the trial court denied (for the third time) Appellant's *ultra vires* defense, it's claims of sovereign immunity, and granted Appellee's simple Motion for a Declaratory Judgement based solely on the language contained in Section 3.A. of the contract.  *Id*. p.18.  The trial court (J. Saxon) made that decision without comment about Appellant's defenses, claims or assertions, including whether there were fact issues to be considered.  She issued the Order fully understanding that the Appellee was "ready, willing and able to perform his duties under this Agreement".

<u>The April 7th Order.</u>

At the April hearing (the final hearing in this matter), Presiding District Court Judge Reyes was incredulous to the Appellant's claims and Appellee's request for clarification.  Instead, she simply and eloquently

stated that J. Saxon's December 2d Order stated all that was necessary - there was no need for clarification of the December 2d Order; she Granted Appellee's Motion to Nonsuit the other defendants in the case; and, she stated that the December 2d Order rendered moot Appellant's Plea to the Jurisdiction and Motion to Dismiss Breach of Contract Claim. As Appellant confirms in its brief, J. Reyes noted that nothing in her April 7th Order modified the December 2d Order. An Order to that effect was entered on April 15th, 2015. CR 000277.

## SUMMARY OF APPELLEE'S AGRUMENT

Appellee sued Appellant under Sections 271.152 and 153 the Texas Local Government Code (TLGC), which specifically provides for waiver of immunity and a recovery of the balance due under a contract. The trial court Granted the Declaratory Judgment and awarded no more then the balance(s) due under the contract, plus attorney fees and interest as provided under Section 271.153 Texas Local Gov. Code and Chapter 37 .009 Civ. Pract. and Rem. Code. The trial court properly denied Appellant's Plea to the Jurisdiction regarding immunity and after Appellee non-suited other parties to the case. Simply stated, Section 271.152 clearly waives governmental immunity and the trial court did not exceed its authority making the award(s). The trial court's Final Judgment should be affirmed.

# ARGUMENT

Appellant begins it's appeal argument by claiming that this case "involves a straightforward application of governmental immunity to declaratory judgment actions" and that "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages as a declaratory-judgment claim". In the lower court, the Appellee successfully argued that Section 271.152 of the Texas Local Government Code permits just such an action against a municipality when it breaches a contract. Section 271.152 states:

**"WAIVER OF IMMUNITY TO SUIT FOR CERTAIN CLAIMS. A local government entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter."**

J. Saxon's October and December, 2014, Orders agreed with Appellee's position on the immunity issue. CR 00032. J. Reyes then confirmed that J. Saxon's Order was clear at the April hearing. CR 000277. Appellee argued the substance and applicability of Section 271.152 throughout this litigation. In addition, Section 271.153 makes the awards the court may make clear but limited under a suit for recovery. Section 271.153 states:

6

**LIMITATIONS ON ADJUDICATION AWARDS.**
**(a)    Except as provided by Subsection (c), the total amount of money awarded in an adjudication brought against a local government entity for breach of a contract subject to this subchapter is limited to the following:**
*(1)* **the balance due and owed by the local government entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or accelerations;**
*(2)* **the amount owed for change orders or additional work the contractor is directed to perform by the local government entity in connection with the contract;**
*(3)* **reasonable and necessary attorney's fees that are equitable and just; and,**
*(4)* **interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.**
**(b)    Damages awarded in an adjudication brought against a local government entity arising under a contract subject to this chapter may not include:**
*(1)*  **consequential damages, except as expressly allowed under Subsection (a) (1);**
*(2)* **exemplary damages; or,**
*(3)* **damages for unabsorbed home office overhead.**
**(c)    Actual damages, specific performance, or injunctive relief my be granted in an adjudication brought against a local governmental entity for breach of contract described by Section 271.151(2)(B).**

The trial court did not grant anything beyond those terms - there were no "money damages" beyond the balances due awarded by the trial court as claimed by Appellant.  In addition, Section 271.152 (b)(3)(c) provides the trial court with a mechanism to grant specific performance and injunctive relief in these circumstances.  At the time the Appellee filed his Declaratory Judgment Motion and it was heard on  October 23, 2014, the breach of contract claim was still before the Court.  The declaratory judgment was granted under the authority of that provision.

Section 271.152 specifically waives immunity for a lawsuit "adjudicating a claim for breach of contract". In *Ben Bolt-Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions property/Casualty Joint Self-Insurance Fund*, 212 S.W. 3d 320, (Tex. 2006), the supreme court held that immunity had been waived even where the claims at issue included a declaratory judgment claim. After *Ben Bolt-Palito*, some courts of appeals discuss a waiver of immunity for a declaratory judgment claim that is essentially a mirror-image of a breach of contact claim. See *Nat'l Public Finance Guarantee Corp. v. Harris County-Houston Sports Authority*, 448 S.W. 3d, 472, 484, (Tex. App. Houston [1st Dist.] 2014, no pet.) (discussing *Ben Bolt-Palito*). In this case, the breach of contract claim was a mirror-image of the declaratory judgment.

This case is distinguished from the Fourth Court's holding in *Lower Colorado River Authority v. City of Boerne*, 422 S.W. 3d 60, 67 (Tex. App. - San Antonio 2014. pet. dism'd). There, the Fourth Court held that "based upon the plain language of the Section 271.152, the legislature has not expressly and unambiguously waived immunity from suit for declaratory judgment". In this case, the breach of contract claim was made as part of the declaratory judgment action. The breach of contract claim was argued throughout the proceedings.

Contrary to this Court's holding in *LCRA*, this case only seeks remedies that are specifically set out in Tex. Local Gov't Code, Section 271.152. See *Tooke v. City of Mexia*, 197 S.W. 3d. 325 at 345. Here, in addition to the remedies claimed in the contract (the balances due under the contract), the breach of contract claim(s) were properly plead by Plaintiff and still before the trial court when it awarded the declaratory judgment. The breach of contract claim was not specifically dismissed by the trial court in any of its orders.

Regarding Section 271.152's statutory waiver of contractual claims against governmental entities, the Fourth Court has declined to apply Gates's prorietary-governmental dichotomy. *LCRA* at 65. Also see *Wheelabrator Air Pollution Control Inc. v. City of San Antonio Acting though City Public Service Board of San Antonio*, 381 S. W. 3d, at 605. In *LCRA*, this Court stated "We reasoned that by restricting section 271.152's waiver of immunity for contractual claims to suits for breach of express written contracts for goods and services, the legislature consciously chose to exclude other contractual and quasi-contractual claims form the statutory waiver; as did the Tort Claims Act, the legislature could have incorporated the proprietary-governmental dichotomy into the statutory

waiver for breach of contact claims, but chose not to do so." *LCRA* citing *Wheelabrator* at 603-04.

Further, the Fourth Court underscored its position on the immunity issue in *Wheelabrator* by citing *Zachry Construction Corps. v. Port of Houston Authority of Harris County*, 2014 WL 4472616 (Tex. 2014). In *Wheelabrator*, the Fourth Court stated "the Texas Supreme Court examined chapters 271.152 and the other sections in chapter 271, including section 271.153, and explained that chapter 271's limitations on recovery help define and restrict the scope of the waiver of immunity found in section 271.152. The Texas Supreme Court ultimately concluded that chapter 271 did not waive immunity from suit on a claim for damages that was not recoverable under section 271.153". As noted herein, Appellee only sued for damages that are specifically set out in chapter 271.153 - the balances due under Section 3.A. of the employment contract. Accordingly, the trial court rightfully maintained subject matter jurisdiction in this case.

Appellant asserts that it is "well-established" that there is governmental immunity in this case, citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W. 3d. 389, Tex. Sup. Ct. (Tex. 2002). Appellant claims in its brief that "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages

as a declaratory-judgment claim". What Appellant does not note in its brief is that Chapter 271 of the TLGC was originally enacted by the legislature in 2005, and specifically and unambiguously waived governmental immunity for this exact kind of suit; hence, *IT-Davy* was overturned by the legislature. *IT-Davy* is no longer good law.

Throughout this litigation Appellee asserted that the breach of contract claim was part of or was a mirror image to the declaratory judgment action. The breach of contract claim was not specifically dismissed by the trial court. By arguing that the breach of contract was in the declaratory judgment, immunity is waived under Chapter 271. See *Nat'l Public Finance Guarantee Corp.*, at 484, also see *Ben Bolt-Palito, Tooke and Wheelabrator*.

Appellant argues that the trial court cannot grant declaratory judgment and award monetary damages under Rule 37 of the Texas Civil Practice and Remedies Code. Contrary to that assertion, there are no extraordinary monetary damages awarded by the Trial Court under the Order of December 2d. Instead, the Trial Court awarded Appellee *specific performance* under the contract's clear terms. In declaring Appellee's "rights" under Section 3.A. of the underlying contract, the trial court awarded Appellee no more than what was specifically set out in that

provision - the balance due and the accrued vacation.  The attorney fees,

costs and interest awarded in the December 2d Order were separate awards

to Appellee provided under the Tex. Civ. Practice and Rem. Code.  Sec.

37.009, which states:

**Sec. 37.009.  COSTS.  In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.**

On page 9 of it's Appeal Brief, Appellant states that the Appellee

asked the trial court for "$40,000.00" in attorney fees.  That is a blatant

falsehood.  At no time was anything remotely approaching that amount

sought by Appellee.  The record reflects that at the October 23d hearing

there was a question about the fees and that Appellee did not provide the

trial court with an "fee affidavit".  On December 2, the matter was clarified

and the trial court (J. Saxon) subsequently awarded the Appellee

$20,000.00 in fees, as provided for and sought by Appellee under Chapter

37.009 of the Declaratory Judgment Act and the TLGC, Section 271-153.

After the December 2d hearing, Appellee asserted that the December

2d Order did not address the then outstanding additional individual

defendants that Appellee had added in the Amended Petition.  Accordingly,

that Order could not be a final judgment.  In setting the April hearing,

Appellee sought clarification of that issue and filed a motion to non-suit the

outstanding individual defendants. That left only the declaratory judgment action, which included the breach of contract claim, to be addressed by the court. J. Reyes understood the sequence, granted the non-suit and clearly stated that she was not going to change any of the terms in J. Saxon's December 2d order concerning the Declaratory Judgment. By doing so, J. Reyes agreed with Appellee that the Appellant's Plea to the Jurisdiction was mooted by the non-suit of the individual defendants and that there was no immunity. CR 000277. The Appellee's non-suit of the additional individual defendants then clarified who was covered by the Declaratory Judgment action and ended any question about the December 2d Order being a final judgment. Accordingly, Appellant's Plea to the Jurisdiction was rendered meritless.

Finally, the trial court did not err or act outside of its jurisdiction in declaring as "moot" the Appellant's Plea to the Jurisdiction. It was moot because immunity had been waived and the Appellee had filed a motion to non-suit the outstanding individual defendants, which the trial court granted, and because all other matters had been previously addressed in the December 2 Order.

13

## CONCLUSION

Appellee respectfully asks this Court to deny Appellant's requests and to affirm the trial court's Order for the Appellant to pay its obligations to the Appellee as the Agreement requires, as well as the other awards contained in the Order. Appellee also prays the Court grant it any other relief to with he may be entitled.

Respectfully submitted,

_____/s/ Reid E. Meyers_____
Reid E. Meyers
11118 Wurzbach Rd., Ste. 206
San Antonio, TX 78230
210.415.1070
State Bar No. 14003850
Attorney for Appellee,
 Robert Tobias

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2015, I served a copy of the foregoing according to the rules of the appellate procedure upon Albert Lopez, 14310 Northbrook Dr., Ste. 200, San Antonio, TX 78232.

                                    ___/s/ Reid E. Meyers_____

# CERTIFICATE OF COMPLIANCE

The brief complies with the Court's work volume limitation requirements. This Response also complies with the typeface (Georgia 14 point) and spacing requirements.

_____/s/ Reid E. Meyers_____