ACCEPTED
04-15-00302-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/30/2015 7:00:18 PM
KEITH HOTTLE
CLERK

# No. 04-15-00302-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
30/15 7:00:18 PM
KEITH E. HOTTLE
Clerk

## IN THE TEXAS COURT OF APPEALS
## FOURTH COURT OF APPEALS
## AT SAN ANTONIO, TEXAS

### CITY OF PEARSALL

**APPELLANT**

### VS.

### ROBERT M. TOBIAS, JR.

**APPELLEE**

*Appealed from the 218th Judicial District Court*
*Frio County, Texas. Hon. Donna S. Rayes, Presiding Judge*

## REPLY BRIEF OF APPELLANT
## CITY OF PEARSALL

ALBERT LÓPEZ
State Bar No. 12562350
LAW OFFICES OF ALBERT LÓPEZ
14310 Northbrook Drive, Suite 200
San Antonio, Texas 78232
(210) 404-1983 (Telephone)
(210) 404-1990 (Telecopier)
ATTORNEY FOR APPELLANT

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

REPLY ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

I.      Reply to the Statement of Facts regarding the City drafting the terms of the agreement, which included terms that Appellant claimed in the trial court proceedings and here as illegal.. . . -1-

II.     Reply to the Statement of Facts regarding the City unceremoniously terminated Appellee's employment and the Agreement.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

III.    Reply to the Statement of Facts regarding Tobias attempting to resolve the dispute short of litigation but the City refusing to discuss the matter and, further, that it refused to mediate after the litigation began; and the City refused to make any offer of settlement in this matter.. . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

IV.    Reply to the Statement of Facts regarding the statement that when Appellant realized that it could not get around the clear language contained in Section 3.A., it contrived the novel proposition and defense that the residency requirement the Appellant drafted in Section 10. b. of the Agreement, was ultra vires making the entire employment agreement null and void.. . . . . . . . . . . . . . . . . . . -2-

V.     Reply to the Statement of Facts regarding that the trial court (J. Saxon) made that decision without comment about the City's defenses, claims or assertions, including whether there were fact issues to be considered; that Judge Saxon issued the Order fully understanding that Tobias was "ready, willing and able to perform his duties under this Agreement".. . . . . . . . . . . . . . . . . . . . . . . -2-

VI.     Reply to the Statement of Facts that District Court Judge Reyes was incredulous to the Appellant's claims and Appellee's request for clarification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

VII.    Reply to Tobias' argument that in the lower court, the Appellee successfully argued that Section 271.152 of the Texas Local Government Code permits a declaratory judgment action against a municipality when it breaches a contract. Tobias also argues that the Declaratory Judgment action was granted under the provision of Section 271.152. We reply to the latter argument next. . . . . -6-

VIII.   Reply to the argument that immunity had been waived even where the claims at issue included a declaratory judgment claim.. . -7-

IX.     Reply to the argument that Chapter 271 of the Texas Local Government Code overturned *Tex. Natural Res. Conservation Comm'n v. IT—Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002).. -10-

X.      Reply to Tobias' argument that the award of money damages and attorneys fees under the declaratory judgment claim are also available under section 271.153.. . . . . . . . . . . . . . . . . . . . . . . . -12-

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

# INDEX OF AUTHORITIES

**CASES**

*Ben Bolt-Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions property/Casualty Joint Self-Insurance Fund*, 212 S.W. 3d 320, (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

*City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007). . . . . . . . -11-

*Lower Colo. River Auth. v. City of Boerne*, 422 S.W.3d 60, 2013 (Tex. App. San Antonio 2013, pet. filed). . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-, -10-

*Nat'l Public Finance Guarantee Corp. v. Harris County- Houston Sports Authority*, 448 S.W. 3d, 472, 484, (Tex. App. Houston [1st Dist.] 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-, -18-, -9-,-11-

*Tex. Natural Res. Conservation Comm'n v. IT—Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

*Zachry Constr. Corp. v. Port of Houston Auth.*, 449 S.W.3d 98, 107 (Tex. 2014). 449 S.W.3d 98, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

**STATUTE**

Tex. Loc. Gov't Code §271.152. . . . . . . . . . . . . . . . . . . . . . . . -4-, -5-,-6--11-

Tex. Loc. Gov't Code §271.153. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

Tex. Loc. Gov't Code §271.155. . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -5-

Tex. Gov't Code §551.043. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

# REPLY ARGUMENT

TO THE HONORABLE FOURTH COURT OF APPEALS:

NOW COMES Appellant City of Pearsall and submits its reply argument.

**I.    Reply to the Statement of Facts regarding the City drafting the terms of the agreement, which included terms that Appellant claimed in the trial court proceedings and here as illegal.**

To the extent that the statement implies that the City and the individual Defendants unilaterally drafted the terms of the contract, there is no evidence to support such assertion.

**II.    Reply to the Statement of Facts regarding the City unceremoniously terminated Appellee's employment and the Agreement.**

There was nothing abrupt or hasty about the Plaintiff's termination. The dismissal was a City Council meeting agenda item, CR 000039, presumably posted at least 72 hours before the meeting. *See* Tex. Gov't Code §551.043. According to the minutes of the meeting, Tobias requested that the item be discussed in open session. *Id.* A lengthy discussion took place in which several members of the Council brought up instances where they considered that Tobias had failed or was found lacking in the performance of his duties as City

Manager. *Id.* During the meeting, Tobias answered questions and defended his actions or lack of action. *Id.*

**III.** **Reply to the Statement of Facts regarding Tobias attempting to resolve the dispute short of litigation but the City refusing to discuss the matter and, further, that it refused to mediate after the litigation began; and the City refused to make any offer of settlement in this matter.**

None of these statements are supported by the record.

**IV.** **Reply to the Statement of Facts regarding the statement that when Appellant realized that it could not get around the clear language contained in Section 3.A., it contrived the novel proposition and defense that the residency requirement the Appellant drafted in Section 10. b. of the Agreement, was ultra vires making the entire employment agreement null and void.**

While the City raised the defense that the residency requirement in Section 10. b. of the Agreement was *ultra vires* making the entire employment agreement null and void, the remaining statements are argumentative and not supported by the record.

**V.** **Reply to the Statement of Facts regarding that the trial court (J. Saxon) made that decision without comment about the City's defenses, claims or assertions, including whether there were fact issues to be considered; that Judge Saxon issued the Order fully understanding that Tobias was "ready, willing and able to perform his duties under this Agreement".**

The trial court merely granted a declaratory judgment against the City awarding money damages. While it is correct that the trial court made that

decision without comment about the City of Pearsall's defenses, claims or assertions, it also was silent about Tobias' being "ready, willing and able to perform his duties under this Agreement". RR Vol 1, pp. 3-21. In fact, in the October 23, 2014 hearing, Tobias never raised that issue with the trial court. During that hearing, the crux of Tobias' argument in support of the request for declaration of rights went to the City's defensive issues, i.e., that the employment contract was not *ultra vires* and, if it was, it was severable. *Id.* These were the only two issues before the trial court on which Tobias sought declaratory judgment.[1] Judge David A. Ezra also acknowledged the true nature of Tobias' declaratory judgment action. In denying Tobias motion for declaratory judgment as moot, Judge Ezra also found that "claim turns on whether the contract provision conferring Plaintiff a severance upon termination was made ultra vires, in violation of the City of Pearsall's Charter, and; if so, whether the illegal provision can be severed from the contract or whether the contract is invalidated as a whole." CR 000091.

Tobias offered no evidence of his performance under the contract during the October 23rd and December 2, 2014 hearings and did not argue in favor

[1] This is consistent with Tobias pleading where the only issue pled in relation to the declaratory judgment action was that "Section 11. D. severs the alleged ultra vires/illegal provision from the rest of the legal agreement." CR 000069.

of his "willing and able" argument. RR Vol 1, pp. 3-21; RR Vol. 2, pp. 1-9. The only evidence before the trial court on this issue was the City's uncontroverted affidavit of Mayor Davina Rodriguez that conclusively showed that Tobias failed to perform the agreement to the degree that his failure was an anticipatory breach of the agreement, which authorized the City to terminate the agreement. CR 000044-46.[2] Therefore, the trial court could not have issued its order with the "understanding" that Tobias was "ready, willing and able to perform his duties under this Agreement" when Tobias did not present any evidence or argument to support that contention. Both, Tobias' arguments in support of the declaratory judgment action and the Court's December 2, 2014 order, ignored the performance issues raised by the City.[3]

Even if the trial court reached the issue whether Tobias was "ready, willing and able to perform his duties under this Agreement," as Tobias now speculates, the resolution of that issue involved a purely factual dispute not related to the issues raised in the declaratory judgment action, i.e, the *ultra*

---

[2] This evidence was incorporated to the City's response to the motion for declaratory judgment by reference. CR 000099.

[3] Later in his Brief, Tobias contend that section 271.152 waived immunity for declaratory judgment. However, the City's defenses under the contract are not waived. See Section 271.155 ("This subchapter does not waive a defense or a limitation on damages available to a party to a contract, other than a bar against suit based on sovereign immunity."); *Zachry Constr. Corp. v. Port of Houston Auth.*, 449 S.W.3d 98, 107 (Tex. 2014).

*vires* and severability defenses. As we noted in the City's Brief, the resolution of this factual dispute was beyond the scope of a declaratory judgment action. *Schuhardt Consulting Profit Sharing Plan v. Double Knobs Mt. Ranch, Inc.*, 2014 Tex. App. LEXIS 13417 (Tex. App. San Antonio Dec. 17, 2014)(citing *Hill v. Heritage Resources*, 964 S.W.2d 89, 140 (Tex. App. El Paso 1997, no pet.)(" If a factual dispute is the only issue to be resolved, a declaratory judgment is not the proper remedy.").

Under the Court's order on cross motions for summary judgment on the breach of the contract claim, those fact issues remained in dispute. Hence, at the time the declaratory judgment was signed the breach of contract claim remained unadjudicated.

**VI.**  **Reply to the Statement of Facts that District Court Judge Reyes was incredulous to the Appellant's claims and Appellee's request for clarification.**

Judge Rayes did not express any opinions about the merits of the parties' respective positions:

> THE COURT: I don't think there's anything to clarify either. But, procedurally speaking, what needs to happen is within your Motion to Clarify you've asked -- you have indicated that you wish to nonsuit the individual Defendants, if you will present me with an order of nonsuit as to those Defendants, I will sign it. And then, procedurally speaking, that makes this a final order and do what you need to do. RR Vol 1 (Escamilla) at p. 16.
> THE COURT: That's why I'm not redeciding it. *Id.*

THE COURT: I'm not redeciding anything. There needs to be finality– *Id.*
THE COURT: Well, [Judge Saxon's order] awards relief. It awards relief of money, damages, it address attorney's fees -- and it addresses costs of court and it denies all other relief, so without -- mean, I don't know what her intent was, but it appears from looking at this, to me, that this would be a final -- that this would dispose of all claims, and once the other parties are nonsuited. *Id.* At p. 20.

## VII. Reply to Tobias' argument that in the lower court, the Appellee successfully argued that Section 271.152 of the Texas Local Government Code permits a declaratory judgment action against a municipality when it breaches a contract. Tobias also argues that the Declaratory Judgment action was granted under the provision of Section 271.152. We reply to the latter argument next.

As noted, the only arguments on which Tobias relied on in the October 23, 2014 hearing to support his request for a declaration of rights were the *ultra vires* defense and the severability of the illegal provision. None of his arguments addressed the adjudication of the breach of contract claim pursuant to section 271.152, as Tobias now claims. The same is correct as to the December 2, 2014 hearing. Before the December 2, 2014 Order was signed, Tobias did not assert a section 271.152 claim or otherwise respond to the City's objections to the declaratory judgment action on the basis of lack of jurisdiction.

On Appeal, most of Tobias arguments are grounded on the proposition that that the trial court granted the declaratory judgment under the authority

of section 271.152. Tobias, however, fails to point to any portion of the record in support of that proposition. Further, as noted, the December 2, 2014 Order does not a adjudicate the pending breach of contract claim. The Order is silent as to the breach of contract claim and denies all relief not specifically granted which includes the breach of contract claim.

Contrary to Tobias' argument, the record shows that Tobias raised section 271.152 on February 20, 2015, in his Motion for Hearing to Clarify Order Granting Declaratory Judgment. CR 000225; 000233. The fact that for the first time Tobias attempted in that motion to incorporate the pending breach of contract claim into the declaratory judgment order further confirms the nature of the December 2, 2014 declaratory judgment order as a money judgment on a stand-alone declaratory judgment action.

## VIII. Reply to the argument that immunity had been waived even where the claims at issue included a declaratory judgment claim.

In support of this argument Tobias relies on *Ben Bolt-Palito Blanco Consolidated Independent School District v. Texas Political Subdivisions property/Casualty Joint Self-Insurance Fund*, 212 S.W. 3d 320, (Tex. 2006) and *Nat'l Public Finance Guarantee Corp. v. Harris County- Houston Sports Authority*, 448 S.W. 3d, 472, 484, (Tex. App. Houston [1st Dist.] 2014 no

pet.). The facts of these cases are distinguishable. First, these cases did not involve a dispute over the facts pertaining to the validity of breach of contract claim. Second, the declaratory judgment actions in these cases did not seek, and the courts did not award, a money judgment. In *Ben Bolt*, the plaintiff filed suit seeking a declaration that its loss was a covered occurrence under the insurance agreement's terms. *Id.* at 133. The Supreme Court held that section 271.152 waived immunity from the Plaintiff's claim arising out of the insurance agreement. *Id.* at 327-28. The Supreme Court did not hold that immunity for the underlying claim seeking a declaratory judgment was waived. *Id.* Instead, the Court remanded the case to the trial court for further proceedings. *Id.*

*Nat'l Public Finance Guarantee Corp. v. Harris County- Houston Sports Authority* does not stand for the proposition that section 271.152 waives immunity for Tobias' declaratory judgment action. In *Harris County*, National did not plead a breach of contract claim which clearly distinguishes the facts from this case. Based on the language of section 271.152 ("A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this

subchapter."), the court of appeals dismissed National's declaratory judgment action holding that section 271.152 does not waive immunity of a governmental entity that is not alleged to have breached a contract. *Id.* at 484. In further support of its decision to dismiss the declaratory judgment action, the court of appeals relied on this Court's opinion in *Lower Colo. River Auth. v. City of Boerne*, 422 S.W.3d 60, 2013 (Tex. App. San Antonio 2013, pet. filed). In *City of Boerne*, this Court found that the plaintiff's declaratory judgment claim was essentially duplicative of its breach of contract claim. *Id.* at 67. This Court further found that immunity for a declaratory judgment under those circumstances was not waived and reversed the denial of a plea to the jurisdiction. *Id.* The court of appeals in *Harris County,* applying *City of Boerne,* reasoned that if immunity is not waived when the declaratory judgment action duplicates the breach of contract claim, then immunity is also not waived when a breach of contract claim under section 271.152 has not been asserted. *Harris County*, 448 S.W. 3d 484. *Harris County* did not hold that immunity is waived for a declaratory judgment claim that is essentially a mirror-image of a breach of contract claim. To the contrary, the court of appeals relied on *City of Boerne's* holding which contradicts Tobias' argument on the very point that Tobias' declaratory judgment action "is not 'for the

purpose of adjudicating a claim for breach of contract,' and thus does not fall within section 271.152's waiver of immunity." *City of Boerne*, 422 S.W.3d 67. In his Brief, Tobias concedes that the breach of contract claim was "still before the trial court when it awarded the declaratory judgment" and that the breach of contract claim was not specifically dismissed by the trial court in any of its orders. Tobias' Brief at p. 9. The facts here are analogous to *City of Boerne*. Except for the resolution of disputed issues of fact, the declaratory judgment action mirrors the breach of contract issues that was pending and litigated by way of cross motions for summary judgment. Further, this Court's dismissal of Tobias' declaratory judgment action would leave the pending and unadjudicated breach of contract claim, for which immunity has been waived, for trial. *City of Boerne*, 422 S.W.3d 67. Tobias' own arguments demonstrate that the trial court erred in granting a declaratory judgment which sole purpose was, in the guise of a declaration of rights, to award money damages.

IX. **Reply to the argument that Chapter 271 of the Texas Local Government Code overturned *Tex. Natural Res. Conservation Comm'n v. IT—Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002).**

Tobias failed to cite any case law, and we have found none, for the proposition that Chapter 271 overruled *IT—Davy*. Chapter 271 is silent about whether a contract claim for which immunity has been waived can be litigated

and adjudicated by way of a request for a declaration of rights that does not adjudicate a contract claim, as Tobias has pursued here. See § 271.152 ("A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit **for the purpose of adjudicating a claim for breach of the contract,** subject to the terms and conditions of this subchapter."). (*emphasis supplied*); see *Harris County*, 448 S.W.3d 472, Any ambiguity about whether immunity was been waived must be resolved in favor of retaining immunity. *Id.* *IT-Davy* held that if the sole purpose of such a declaration is to obtain a money judgment, immunity is not waived. *IT-Davy, 74 S.W.3d at 860. IT-Davy* has not been overruled. See *City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007)("... in every suit against a governmental entity for money damages, a court must first determine the parties' contract or statutory rights; if the sole purpose of such a declaration is to obtain a money judgment, immunity is not waived.). As we have noted above, Tobias' request for a declaration of rights regarding the application of the *ultra vires* theory and severability of contract provisions did not seek to adjudicate the breach of contract claim. The December 2, 2014

Order evidences that the sole purpose of the request for declaration of rights was to obtain a money judgment.

**X.    Reply to Tobias' argument that the award of money damages and attorneys fees under the declaratory judgment claim are also available under section 271.153.**

Tobias' argument only underscores the sole purpose of the declaratory judgment action of obtaining a money judgment. Regarding the claim for attorneys' fees and costs, neither the pleadings nor the arguments in support of a declaratory judgment that led to the December 2, 2014 order requested attorney's fees and costs pursuant to Section 271.153. On the face of the December 2, 2014 order, fees and costs were awarded pursuant to the Texas Declaratory Judgment Act for which immunity has not been waived.

## CONCLUSION

For the foregoing reasons, the City of Pearsall respectfully requests that this Court reverse the trial court's orders and remand the case for further proceedings.  Appellant also prays the Court grant it any other relief to which it may be entitled.

Respectfully Submitted,

LAW OFFICES OF ALBERT LÓPEZ
14310 Northbrook Dr., Suite 200
San Antonio, Texas 78232
Telephone: (210) 404-1983
Fax: (210) 404-1990

By: /s/ Albert López
ALBERT LÓPEZ
State Bar No. 12562350
alopezoffice@gmail.com
ATTORNEY FOR DEFENDANT
CITY OF PEARSALL

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2015, I served a copy of the foregoing according the rules of appellate procedure upon Reid E. Meyers, Attorney at Law, 11118 Wurzbach Rd., San Antonio, TX 78230.

/s/ Albert López
Albert López

# CERTIFICATE OF COMPLIANCE

This brief complies with the work volume limitation because this brief contains 2,757, excluding the parts of the brief exempted.

This brief complies with the typeface requirements because this brief has been prepared in a proportionally spaced typeface using Wordperfect X7 in 14 point Georgia.


/s/ Albert López
Albert López